## HOFFMAN *v.* HOFFMAN.

1. DIVORCE—APPEAL AND ERROR.

   An appellate court hears divorce cases *de novo*, but it does not reverse the trial court unless convinced that it must have reached a different conclusion had it occupied the position of the trial court under like circumstances.

2. SAME—ALIMONY.

   Alimony is based upon the underlying principle that it is the duty of the husband to provide suitable support and maintenance for his wife, considering the ability of the husband and the character and situation of the parties and all other circumstances of the case.

3. SAME—ALIMONY.

   Alimony is not necessarily to endow the wife at the expense of the husband.

4. SAME—ALIMONY—DISCRETION OF TRIAL COURT—APPEAL AND ERROR.

   The award of alimony rests largely in the discretion of the trial court and will not be interfered with on appeal unless an abuse of discretion is shown.

5. SAME—REDUCED ALIMONY AND SUPPORT—DISCRETION OF COURT.

   Amended judgment of divorce which reduced plaintiff wife's alimony and support payments from $75 per week to $40 per week is affirmed, where Court of Appeals is unable to find an abuse of discretion on the part of the trial court on record presented.

6. COSTS—DIVORCE—REDUCED ALIMONY AND SUPPORT.

   Amended judgment of divorce which reduced plaintiff's alimony and support payments is affirmed, without costs, because of the nature of the case.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 4–6] 5 Am Jur 2d, Appeal and Error § 868.
[2, 3] 24 Am Jur 2d, Divorce and Separation § 524 *et seq.*

Appeal from Kent; Vander Wal (John H.), J. Submitted Division 3 November 9, 1967, at Grand Rapids. (Docket No. 2,923.) Decided March 21, 1968.

Complaint by Geraldine Hoffman against Clark Robert Hoffman for divorce on ground of extreme cruelty. Judgment for plaintiff. Amended judgment of divorce on defendant's motion reducing plaintiff wife's alimony and support payments. Plaintiff appeals. Affirmed.

*Smith, Haughey & Rice,* for plaintiff.

*Jon D. Witters,* for defendant.

Burns, J. This is an appeal from an amended judgment of divorce wherein the plaintiff's alimony and support payments were reduced.

Plaintiff and defendant were married in 1944. About one year later the plaintiff contracted poliomyelitis which crippled her right leg. The marriage resulted in the birth of two children, Michael Robert Hoffman, born in July, 1947, and Patricia Merle Hoffman, born in September, 1948. The parties cohabited until plaintiff filed suit for divorce in July, 1964. A stipulated property settlement which was approved by the court provided that plaintiff receive the equity of approximately $10,000 in the home, household furniture, and an automobile. It further provided defendant receive the interest of approximately $10,000 in a sales business and an automobile. The judgment also provided for the defendant to pay plaintiff's tuition at a business college for a three-month secretarial course. Alimony and support payments were set at $100 per week, to and including August 31, 1965, and $75 per week thereafter, until

June 29, 1966, at which time the payments were to be reviewed. At the time of the original judgment Patricia was in high school. Michael had joined the military service, and no support was ordered for his benefit.

The motion to amend the judgment was heard August 26, 1966. The testimony showed that the defendant had remarried and his financial position had improved. The plaintiff did not attend secretarial school although the defendant did pay her tuition. Instead she had obtained employment and was earning $65 per week. She had sold the house awarded to her in the original judgment on land contract, and the monthly land contract payments were approximately $40 more than her monthly mortgage payments. In addition, she had sublet a room in her apartment for a period of time for $15 per week. Patricia was attending Grand Rapids Junior College and the defendant was paying her tuition.*

The trial judge stated in his opinion:

"It was contemplated that Mrs. Hoffman, even though suffering from poliomyelitis, nevertheless after she finished her schooling, she intended to work. However, she may be limited, somewhat, in the kind of work that she is able to do, but the court feels that under the circumstances the sum of $75 per week and in addition paying for the schooling in college of the daughter, is rather high, under the circumstances.

"An amendment to the judgment may be prepared reducing said payments to $40 per week and continuing until June 30, 1967 when the matter may again be reviewed by the court."

While an appellate court hears divorce cases *de novo,* it does not reverse the trial court unless con-

---

* Since the date of the hearing to amend the judgment Patricia has married.

vinced that it must have reached a different conclusion had it occupied the position of the trial court under like circumstances. *Rogers* v. *Rogers* (1952), 335 Mich 207, 211.

All of the cases cited by both plaintiff and defendant express one main theme. Alimony is based upon the underlying principle that it is the duty of the husband to provide suitable support and maintenance for his wife, considering the ability of the husband and the character and situation of the parties and all other circumstances of the case. Alimony is not necessarily to endow the wife at the expense of the husband. *Burr* v. *Burr* (1946), 313 Mich 330.

The award of alimony rests largely in the discretion of the trial court and will not be interfered with on appeal unless there is shown an abuse of discretion. *Pinchuk* v. *Pinchuk* (1947), 317 Mich 523. We are unable to find an abuse of discretion on the part of the trial court.

Affirmed, without costs because of the nature of the case.

LESINSKI, C. J., and HOLBROOK, J., concurred.