BURDICK v HARTWIG

1. TRIAL—NONJURY TRIAL—FINDINGS OF FACT—COURT RULE.

The court rule requiring the trial court, in a nonjury case or one tried with an advisory jury, to make findings of fact and state separately its conclusions of law thereon expressly mandates the trial court to make findings of fact and conclusions of law upon all contested matters (GCR 1963, 517.1).

2. APPEAL AND ERROR—EQUITY—FINDINGS OF FACT—ISSUES NOT DECIDED.

The Court of Appeals may, in the process of a *de novo* review of an equity case, make its own findings of fact and conclusions of law based on the record before it; the Court may make such findings concerning any contested issue even though the trial court failed to make a determination of fact and law on the reviewed issue.

3. TRUSTS—CONSTRUCTIVE TRUST—DEEDS—INTENT OF GRANTOR.

Imposing a constructive trust on property for the benefit of all of the decedent's children is the appropriate remedy where at the time the decedent executed a quitclaim deed conveying the property to herself and one of her daughters as joint tenants with rights of survivorship she wrote a letter to the daughter that she intended that the daughter share the property equally with the other children, the daughter and her husband stated that they recognized that the decedent had intended the equal sharing of the property and that they intended to honor the decedent's wishes, and witnesses, not parties to the action, confirmed the decedent's intent.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial § 1133 *et seq.*
[2] 5 Am Jur, Appeal and Error § 822.
[3] 54 Am Jur, Trusts § 231 *et seq.*

Appeal from Oakland, James S. Thorburn, J. Submitted Division 2 November 5, 1971, at Detroit. (Docket No. 10855.)  Decided January 20, 1972. Reversed by Supreme Court, 387 Mich 771.

Complaint by Herbert Burdick, administrator of the estate of Gertrude Schreck, and by John C. Schreck, and Shirley Schreck Quadlin against Carol Schreck Hartwig and Elmer Hartwig challenging the validity of a deed and, in the alternative, for the imposition of a constructive trust on the property conveyed by the deed.  Judgment for defendants. Plaintiffs appeal.  Reversed and remanded with instructions.

*Raymond & Fletcher* (by *Edward J. Fletcher* and *Joseph F. Dillon*), for plaintiffs.

*Devine, Kent & Devine* (*Daniel C. Devine*, of counsel), for defendants.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and O'HARA,* JJ.

V. J. BRENNAN, P. J.  This is a family case involving the disposition of a piece of property referred to by the parties as "the farm".  The plaintiffs are the administrator of decedent's estate, and two of decedent's three children.  The defendants are decedent's third child and her husband.  Prior to her death, decedent executed a quitclaim deed conveying the farm to herself and to her daughter Carol Schreck Hartwig, one of the defendants herein, as joint tenants with rights of survivorship.  The plaintiffs challenge this deed by raising two arguments: first, that

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the decedent did not intend to convey a present interest in the farm to the defendant, and that therefore the deed was invalid; and, second, that if the deed should be found to be valid, that a constructive trust should be imposed in order that all three children may share equally in the property, which was alleged to be the intent of the decedent.

In a written opinion, the trial court ruled that the decedent did in fact intend to convey a present interest in the property to the defendant, and therefore the deed as executed by the decedent was valid. However, the trial court did not address itself to the constructive trust argument in its opinion. We feel that this omission runs contrary to the express mandate of GCR 1963, 517.1, which requires the trial court to make findings of fact and conclusions of law upon all contested matters. We agree with Judge Gillis' dissent in *Nicpon v Nicpon*, 9 Mich App 373 (1968), that this Court is not powerless in such a situation, and that we may, in the process of a *de novo* review, make our own findings of fact and conclusions of law based upon the record before us.

We feel that the trial court erred when it failed to impose a constructive trust as sought by the plaintiffs. The standard to be applied in determining whether the imposition of a constructive trust is appropriate was set forth by the Supreme Court in *Kent v Klein*, 352 Mich 652 (1958). In that opinion the Supreme Court, at p 656, cited with approval the language used by Judge Cardozo in *Beatty v Guggenheim Exploration Company,* 225 NY 380, 386; 122 NE 378, 380 (1919):

"A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in

good conscience retain the beneficial interest, equity converts him into a trustee."

The Supreme Court further stated, at p 657, that,

"Fraud in the inception we do not require, nor deceit, nor chicanery in any of its varied guises, for it is not necessary that property be wrongfully acquired. It is enough that it be unconscionably withheld."

There is more than an abundance of evidence in the record to support plaintiffs' contention that decedent intended that her daughter, the defendant, share the property in question equally with decedent's two other children. At the time decedent executed the quitclaim deed conveying the property to herself and her daughter as joint tenants, she signed a letter addressed to her daughter, the defendant, clearly expressing her intention that the property be equally shared among decedent's three children. Furthermore, there was testimony that on several occasions decedent indicated to individuals who are not parties to this action that she, the decedent, had confidence that her daughter, the defendant, would "do the right thing". In addition to this testimony, the defendants in this action made numerous statements that they recognized that an equal division of the property among decedent's three children had been the intent of decedent, and that they, the defendants, intended to honor the decedent's wishes.

On these facts we conclude that it was decedent's intention that her property be shared equally among her three children and that in failing to so share the property, the defendants herein have unconscionably withheld and appropriated the property from decedent's other two children. Therefore a constructive trust should be imposed upon the property in question for the benefit of all of decedent's children.

Reversed and remanded for proceedings consistent with this opinion. Costs to appellants.

All concurred.