THAYER v BARBER'S FLYING SERVICE, INC

TRIAL—NONJURY TRIAL—FINDINGS OF FACT—CONCLUSIONS OF LAW.
A trial judge must make special findings of fact and conclusions of law in an action tried upon the facts without a jury (GCR, 1963, 517.1).

Appeal from Oakland, Arthur E. Moore, J. Submitted Division 2 January 7, 1972, at Detroit. (Docket No. 11841.) Decided April 28, 1972.

Complaint by Fred Thayer and Dan Brown against Barber's Flying Service, Inc., for return of deposit money. Counterclaim by Barber's Flying Service, Inc., against Thayer and Brown for payment for services and balance due on a contract. Judgment of no cause of action as to both the plaintiffs and the defendant. Plaintiffs appeal. Judgment set aside and cause remanded.

*Jack L. Banycky,* for plaintiffs.

*Renne & Welter,* for defendant.

Before: LEVIN, P. J., and J. H. GILLIS, and HOL-BROOK, JJ.

HOLBROOK, J. On February 5, 1969, plaintiffs filed their complaint against the defendant. They alleged that they paid defendant $4,328 as a deposit toward a sale of a certain Cessna airplane; that the deposit was to be returned to them in the

REFERENCE FOR POINTS IN HEADNOTE
53 Am Jur, Trial § 1131 *et seq.*

event defendant was unable to supply financing for plaintiffs for the sale; that financing was not available; and that they were entitled to the return of the deposit money.

Defendant answered and filed a counterclaim against plaintiffs for $1,000, for work, labor, and materials for repairs to the airplane, and storage rent; and for $25,000, the balance due on the purchase price. Plaintiffs answered the counterclaim.

Trial of the case without a jury took place on April 20, 1971. The trial court entered a judgment of no cause of action on the respective claims of the parties. On appeal, plaintiffs allege that the judgment of no cause of action against them was erroneous. In view of the disposition we are making in this case, it is not necessary for us to consider this claim.

GCR 1963, 517.1 provides:

"In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment. It will be sufficient if the court makes brief, definite, and pertinent findings and conclusions upon the contested matters without over elaboration of detail or particularization of facts. If an opinion or memorandum decision is filed, it will be sufficient if the findings and conclusions appear therein. The clerk shall notify the attorneys for both parties of the findings of the court. Findings of fact and conclusions of law are unnecessary on decisions of motions except as provided in subrule 504.2. The findings of a circuit court commissioner, to the extent that the court adopts them, shall be considered as findings of the court. Requests for findings are not necessary for purposes of review. No exception need be taken to any finding or decision. Findings of fact shall not be set aside unless clearly erroneous. In the application of this principle regard

shall be given to the special opportunity of the trial court to judge the credibility of those witnesses who appeared before it."

A review of the record reveals that the trial court did not make any special findings of fact or conclusions of law thereon in any opinion or memorandum or separate document pursuant to the court rule. It is well established that it is mandatory that he do so in actions tried upon the facts without a jury. *Dauer v Zabel,* 9 Mich App 176 (1967); *Nicpon v Nicpon,* 9 Mich App 373 (1968). Without such findings, we are unable to properly exercise our powers of review. *Nicpon, supra.* We are thus required to set aside the respective judgments against the parties and remand the case to the trial court for further proceedings in compliance with the rule.

We note from the record that prior to adjournment of the trial on April 20, 1971, the trial judge informed counsel for both sides that they could offer further proofs if they so desired on April 22, 1971. However, on that day, the court failed to afford the parties the opportunity to offer further proofs prior to its decision from the bench. On remand, all parties shall be allowed to offer further proofs.

The judgments herein are set aside and the case is remanded for further proceedings not inconsistent with this opinion. No costs are awarded as neither party prevailed fully.

All concurred.