ALLEN v KELLEY

Courts—Court Rules—Findings of Fact—Appeal and Error—Specific Findings—Trusts.

  It is mandatory for a trial judge in an action tried without a jury to make specific findings of fact or the Court of Appeals is unable to properly exercise its powers of review; therefore a remand is necessary where a trial court in an action for an accounting of trust assets did not explain apparent inconsistencies in its holding with the express terms of the trust and did not make specific findings on the raised issues of undue influence in the execution of the trust agreement and the validity of the execution of that agreement (GCR 1963, 517.1).

Appeal from Manistee, Charles A. Wickens, J. Submitted June 2, 1975, at Grand Rapids. (Docket No. 21701.) Decided August 29, 1975.

Complaint by Harold J. Allen and Doris E. Allen against Delbert S. Kelley for an accounting of trust assets. Judgment for defendant. Plaintiffs appeal. Remanded for further findings of fact.

*Boter, Dalman, Murphy & Bidol* (by *Richard D. Persinger),* for plaintiff.

*Edward C. Duckworth,* for defendant.

Before: McGregor, P. J., and D. E. Holbrook and N. J. Kaufman, JJ.

Per Curiam. On August 8, 1973 plaintiffs filed a complaint in Manistee County Circuit Court seek-

Reference for Points in Headnote
5 Am Jur 2d, Appeal and Error §§ 607, 609.

ing an accounting by defendant, as trustee, of funds alleged to be contained in an inter vivos trust. This trust had allegedly been created on December 21, 1970, by Ella Kelley, the wife of defendant, and mother of plaintiff, Doris Allen, while Mrs. Kelley was undergoing hospital care for a severe illness. Mrs. Kelley executed an agreement which provided that the trust res would consist of "[a]ll the assets of settlor which have heretofore or which may be placed in joint ownership with one or more of said trustees". The agreement stated further that the assets would be used to care for the settlor during her life and that, upon her death, defendant would receive a life estate in the family homestead and plaintiffs would receive all the remaining assets.

The plaintiffs to this action are also trustees to the agreement. The conflict arose over approximately $12,000 which the settlor had received in October, 1971, as the vendor of a land contract. This money was deposited in accounts held jointly by settlor and defendant. Because the money was contained in joint accounts, plaintiffs claimed it was part of the trust res and should have been distributed to them upon the death of Mrs. Kelley.

At trial, plaintiffs contended that the trust agreement was controlling or, in the alternative, if it were not its existence was indicative of the fact that the settlor had not intended to place the money in joint accounts and thus to give defendant the right of survivorship. Defendant contended that the trust agreement was invalid because the settlor had not known what she was signing and had, thus, not validly executed it. The trial court, on September 4, 1974, dismissed plaintiffs' complaint and ordered that all of the personal property held jointly by defendant and his deceased

wife be the property of defendant and not be subject to any claims of the plaintiffs.

In his opinion, the trial judge stated:

"The trust agreement under which the plaintiffs seek relief has no effect upon any joint property or property owned by the defendant husband. The trust agreement would only be effective on any property owned solely by the wife in her own name and which would become part of her estate and then, in turn, go to her heirs under the trust agreement in Probate Court."

From this passage, it appears that the trial court, at once, held the trust valid, but awarded all property jointly held by the defendant and the settlor to defendant. The trial court, thus, held that, when the settlor placed funds in joint bank accounts with defendant, she intended to give defendant the right of survivorship in these funds and did not intend them to become part of the trust res. Such a holding would appear to be inconsistent with the express terms of the trust agreement. This inconsistency could be reconciled by reference to MCLA 487.703; MSA 23.303, which provides that:

"The making of the deposit in [a joint account] shall, in the absence of fraud or undue influence, be prima facie evidence, in any action or proceeding, to which either such banking institution or surviving depositor or depositors is a party, of the intention of such depositors to vest title to such deposit and the additions thereto in such survivor or survivors."

The trial court, however, did not make specific reference to this statute.

We also find that the court did not make any

findings concerning the presence or absence of undue influence or as to whether the trust agreement was validly executed. Such specific findings of fact are required by GCR 1963, 517.1. That section provides in pertinent part:

"In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specifically and state separately its conclusions of law thereon and direct the entry of the appropriate judgment. It will be sufficient if the court makes brief, definite, and pertinent findings and conclusions upon the contested matters without over elaboration of detail or particularization of facts. If an opinion or memorandum decision is filed, it will be sufficient if the findings and conclusions appear therein. The clerk shall notify the attorneys for both parties of the findings of the court. * * * Findings of fact shall not be set aside unless clearly erroneous. In the application of this principle regard shall be given to the special opportunity of the trial court to judge the credibility of those witnesses who appeared before it."

It is mandatory for a trial judge in an action tried upon the facts without a jury to make specific findings of fact. *Thayer v Barber's Flying Service Inc,* 40 Mich App 326; 198 NW2d 761 (1972), *Nicpon v Nicpon,* 9 Mich App 373; 157 NW2d 464 (1968). *Cf. Burdick v Hartwig,* 37 Mich App 704; 195 NW2d 334 (1972), *reversed and vacated on order,* 387 Mich 770 (1972). Without such findings, we are unable to properly exercise our powers of review. We, therefore, are constrained to remand this case to the trial court so that it may make specific findings of fact pursuant to GCR 1963, 517.1.

Remanded. Costs to abide the outcome. We retain jurisdiction.