ALLEN v KELLEY

1. EQUITY—DE NOVO REVIEW—FINDINGS OF FACT—ABUSE OF DISCRE-
   TION.

   The Court of Appeals reviews equity actions on a *de novo* basis
   giving great weight to the trial court's findings of fact and will
   not overturn such findings except where they constitute an
   abuse of discretion.

2. TRUSTS—INTENT—VOID TRUST.

   A trust instrument was void because the settlor did not manifest
   an intent to create the trust, an element necessary to the
   validity of the instrument, where disputed trust items were not
   the conception of the settlor, the agreement was never ex-
   plained to the settlor, and the settlor signed the trust instru-
   ment without knowledge of its contents.

Appeal from Manistee, Charles A. Wickens, J.
Submitted June 2, 1975, at Grand Rapids. (Docket
No. 21701.) Decided November 14, 1975.

Complaint by Harold John Allen and Doris Ei-
lene Allen against Delbert S. Kelley for an ac-
counting by defendant, as trustee, for funds al-
leged to be contained in an inter vivos trust.
Complaint dismissed. Plaintiffs appeal. The Court
of Appeals remanded and retained jurisdiction.
Affirmed after remand.

*Boter, Dalman, Murphy & Bidol* (by *Richard D.
Persinger)*, for plaintiffs.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 703, 822.
[2] 76 Am Jur 2d, Trusts § 34.

*Edward C. Duckworth,* for defendant.

Before: McGregor, P. J., and D. E. Holbrook and N. J. Kaufman, JJ.

## AFTER REMAND

Per Curiam. By an opinion of August 29, 1975, we remanded this action to the trial court for specific findings of fact pursuant to GCR 1963, 517.1. *Allen v Kelley,* 64 Mich App 616; 236 NW2d 707 (1975). The trial court made those findings, and we now review them. The pivotal findings made by the trial court were that the disputed trust items were not the conception of the deceased settlor, that the agreement was never explained to the settlor and that the settlor signed the trust instrument without knowledge of its contents. The court found that these facts required its holding that the trust agreement was void.

While we review actions in equity on a *de novo* basis, we give great weight to the trial court's findings of fact and will not overturn such findings except where they constitute an abuse of discretion. *Cerling v Hedstrom,* 51 Mich App 338; 214 NW2d 904 (1974). We find from our review of the record that the trial court was correct in holding the trust instrument void. The facts demonstrated that the settlor did not manifest an intent to create the trust, an element necessary to the validity of the instrument. *Osius v Dingell,* 375 Mich 605; 134 NW2d 657 (1965).

Affirmed. Costs to defendant.