HOLBERN v HOLBERN

Docket No. 78-1680. Submitted May 7, 1979, at Lansing.—Decided
      August 6, 1979.

      Plaintiff, Eileen Holbern, was granted a divorce from defendant,
      Vernon Holbern. The Cheboygan Circuit Court, John Henry
      Butts, J., awarded to plaintiff, as combined alimony and sup-
      port, $600 per month for a period of six years. Also awarded to
      plaintiff was the marital home; however, the award of the home
      provided that for a period of five years defendant could repos-
      sess the premises free and clear of any claim of plaintiff if
      plaintiff became more than 60 days in arrears in tax or mort-
      gage payments. Plaintiff appealed from the property settlement
      and alimony provisions of the judgment. The matter was re-
      manded to the trial court for a further determination of the
      status of defendant's employment. Philip J. Glennie, J., heard
      further testimony and found that defendant, an oiler on Great
      Lakes ore boats, had served as a relief engineer on occasions. It
      was further found that defendant's future earnings would
      decrease because he had to turn down a job as a permanent
      engineer in order to protect his pension benefits and his 21
      years of seniority as an oiler. *Held:*

            1. The findings of fact by the trial court, although inade-
      quate, do not mandate remand to the trial court, since the
      Court of Appeals, reviewing equity cases *de novo,* may make
      findings of fact upon the record before it.

            2. A determination as to alimony and property division
      necessitates consideration of: "(1) the duration of the marriage,
      (2) contributions of the parties to the joint estate, (3) age, (4)
      health, (5) station in life, (6) necessities and circumstances, and
      (7) earning ability" of the parties.

            3. The combined alimony and child support award is within
      the discretionary guidelines.

            4. It was improper to make the award of the marital home

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 703, 822.
[2] 24 Am Jur 2d, Divorce and Separation §§ 630-635.
[3] 24 Am Jur 2d, Divorce and Separation §§ 925, 933.
[4] [No Reference]

contingent upon plaintiff wife's ability to keep the tax and mortgage payments current, since such contingency effectively circumvents the redemption rights of plaintiff wife and greatly diminishes the property award to her.

5. Refusal by defendant husband to accept a better paying job did not amount to a manipulation of employment classification with the intent to deprive plaintiff wife of alimony and support, since the record establishes that the refusal of said employment was based upon the need to protect seniority and pension rights.

Remanded to the trial court for modification.

1. APPEAL AND ERROR — FINDINGS OF FACT — DIVORCE — EQUITY — DE NOVO REVIEW.

Inadequate findings of fact by the trial court do not mandate remand for further findings in an appeal from the alimony, child support and property settlement portions of a judgment of divorce, since the Court of Appeals, reviewing equity cases de novo, may make findings of fact upon the record before it.

2. DIVORCE — ALIMONY — PROPERTY SETTLEMENT — CONSIDERATIONS.

A determination as to alimony and property division necessitates consideration of: "(1) the duration of the marriage, (2) contributions of the parties to the joint estate [sources of property], (3) age, (4) health, (5) station in life, (6) necessities and circumstances, and (7) earning ability" of the parties.

3. DIVORCE — PROPERTY SETTLEMENT — MARITAL HOME — CONTINGENT AWARD — REDEMPTION RIGHTS.

It is improper in a divorce judgment to make the award of the marital home to the wife contingent upon the wife's keeping the taxes and mortgage payments current, with the husband having the right to repossess the home free from any claim by the wife if she becomes more than 60 days in arrears in the mortgage or tax payments, since such a contingency effectively circumvents the wife's redemption rights and greatly diminishes the property award to the wife.

4. DIVORCE — ALIMONY AND SUPPORT — TYPE OF EMPLOYMENT — INTENT — SENIORITY AND PENSION RIGHTS.

Refusal to accept better paying employment does not amount to a manipulation of employment classification with the intent to deprive a divorced spouse of alimony and support where it is established that the refusal of said employment was based upon the need to protect seniority and pension rights.

*Sumpter, Harrington & Loznak, P.C.,* for plaintiff.

*Lyon, Mellon & Conboy,* for defendant.

Before: D. C. RILEY, P.J., and V. J. BRENNAN and G. W. CROCKETT, JR.,* JJ.

V. J. BRENNAN, J. On March 31, 1978, a judgment of divorce was granted to the plaintiff, Eileen Holbern, against defendant, Vernon Holbern. The lower court's order, in pertinent part, awarded to plaintiff $600 per month combined alimony and child support for six years.[1] In addition, plaintiff received the marital home valued at $16,000, which was encumbered by a $5,500 mortgage. However, the award provided that for a period of five years, if the plaintiff became more than 60 days in arrears in mortgage or tax payments, defendant could repossess the premises "free and clear of any claim of plaintiff". Plaintiff appeals from that portion of the judgment concerning property settlement and alimony.

Plaintiff contends that the lower court's findings of fact regarding alimony were nonspecific and conclusory thus warranting remand. GCR 1963, 517.1 as applicable provides:

"In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law

---

* Former Detroit Recorder's Court judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] The trial court's award in this regard is rather ambiguous as to whether the $600 figure will decrease as three of the four children of the marriage reach majority. Our review of the transcript reveals defendant's willingness to pay the sum of $600 a month for six years irrespective of the children's coming of age, and as such the award is so interpreted.

thereon and direct the entry of the appropriate judgment. It will be sufficient if the court makes brief, definite, and pertinent findings and conclusions upon the contested matters without over elaboration of detail or particularization of facts."

The rule contemplates that level of specificity that will disclose to the reviewing court the controlling choices made as between competing factual assertions. 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 594. Insomuch as the lower court's findings merely state conclusions without factual bases, they are inadequate. However remand is unnecessary since in equity cases our review is *de novo,* and we may make our findings based upon the record before us. *Burdick v Hartwig,* 37 Mich App 704; 195 NW2d 334 (1972).[2] Our review will thus address plaintiff's various claims of abuse of discretion regarding alimony and property division.

Any determination as to alimony and property division necessitates an examination of "(1) duration of the marriage, (2) contributions of the parties to the joint estate [sources of property], (3) age, (4) health, (5) station in life, (6) necessities and circumstances and (7) earning ability" of the parties. *Charlton v Charlton,* 397 Mich 84, 95, fn 5; 243 NW2d 261 (1976), see *Ross v Ross,* 24 Mich App 19; 179 NW2d 703 (1970), *Hoffman v Hoffman,* 9 Mich App 715; 158 NW2d 78 (1968).

The defendant in the present case has been employed as an oiler for United States Steel's Great Lakes fleet since 1957. His income in 1973

---

[2] Reversed in a memorandum opinion, 387 Mich 770 (1972). However, it is unclear in this decision whether the Supreme Court rendered appellate courts powerless to make findings in equity cases, or whether the Supreme Court made its own findings contrary to those of the Court of Appeals. In any event the summary decision is of no precedential value.

was $18,480.26; in 1974, $23,130.35; in 1975, $28,615.70; in 1976, $28,210.92 and in 1977, $25,427.03. At trial defendant anticipated his 1978 income to be $19,584. Additionally defendant testified that he would receive $103 per week in unemployment from the State of Minnesota during the three winter months. Defendant's present status of employment was that of oiler; but, on occasions, he served as a relief engineer. Defendant testified that his future earnings would decrease because, in order to protect his pension and 21 years seniority as an oiler, he had to turn down the job of permanent engineer. Defendant would have a job as an oiler so long as one boat of U.S. Steel's Great Lakes fleet was sailing. However, if he took the permanent engineer's job, he would have no seniority and as soon as one boat was laid up his job would vanish.

As an oiler, defendant would receive a pension estimated at around $420 per month when he turned 65. Defendant would also receive social security but was unsure of the amount.

The marital home carried a $5,500 mortgage, and there was a $1,500 balance on a home improvement loan. In addition, $380 was due in past taxes on the home. Defendant was willing to release all title to the home.

Plaintiff testified that the monthly household bills were $1,014.50. She further stated that the $400 she was receiving every two weeks was occasionally not enough to provide for the family. Her own health was bad because of a nervous condition which prevented her from working. Other than babysitting she had not worked outside of the home for 15 to 20 years.

The nature of defendant's job classification (oiler/engineer) was unclear at trial and the cause

was remanded by this Court for further findings. On remand it was disclosed that in 1978, defendant, while still classified as an oiler, worked as an engineer (which paid an additional $10 per day) in a temporary capacity 50% of the time. Defendant then projected his 1978 earnings to be some $3,000 above the 1977 income level. However, the 1978 income projection included defendant's being hired on to the winter crew in 1978. The defendant was unable to hire on to the winter crew in 1979 due to lack of seniority, and his 1979 income would be reduced accordingly.

Taking into account the nature of the combined alimony and child support award along with the plaintiff's limited ability to supplement her income, the $600 per month award is well within the discretionary guidelines. We point out that either party may petition the lower court for a review due to changed circumstances.

We next address the lower court's award of the marital home to plaintiff contingent upon her keeping taxes and mortgage payments current. Such an award is without legal precedent in this state and is improper. The contingency effectively circumvents plaintiff's redemption rights, which are designed to protect those who are necessitous during financial crisis. The burden placed upon plaintiff by the lower court almost guarantees the defendant possession of the home in the future and, therefore, greatly diminishes the award. The contingency portion of the reward is vacated.

As to plaintiff's other allegations of error, we find that defendant's pension was taken into account by the lower court in its award. In addition, the defendant's action in turning down the permanent engineer's job did not amount to a manipulation of employment classifications intended to de-

prive the plaintiff of her rights but rather was a protective measure by defendant to insure his employability and pension rights. In this regard, plaintiff's rights were also protected.

Remanded to the lower court with directions to modify the property settlement in accordance with this opinion.