TYRRELL v TYRRELL

Docket No. 51762. Submitted May 6, 1981, at Grand Rapids.—Decided June 30, 1981.

Plaintiff, Carleton E. Tyrrell, was divorced from Judith M. Tyrrell in Wexford Circuit Court, Walter F. Ransom, J. An amendment to the judgment changed the award of alimony and awarded attorney fees to Judith. Plaintiff appeals. *Held:*

1. The trial court awarded alimony based upon consideration of the proper factors.

2. Plaintiff failed to show actual personal prejudice for which the trial judge should be disqualified.

3. The trial court had the power by statute to impose a lien on plaintiff's property to secure the award of attorney fees to defendant.

Affirmed.

1. JUDGES — DISQUALIFICATION OF JUDGES.

An actual showing of personal prejudice is required to disqualify a trial judge.

2. DIVORCE — ATTORNEY FEES — LIENS — STATUTES.

A trial court has the power by statute to impose a judicial lien on property awarded a party in a divorce decree to secure payment of an award of attorney fees (MCL 552.13[1]; MSA 25.93[1]).

*Schmidt, Howlett, Van'T Hof, Snell & Vana* (by Mark C. Hanisch), for plaintiff.

*Korn, Burns & Hogg, P.C.,* for defendant.

Before: MacKENZIE, P.J., and R. B. BURNS and J. N. O'BRIEN,* JJ.

REFERENCES FOR POINTS IN HEADNOTES
[1] 46 Am Jur 2d, Judges §§ 166-179.
[2] 24 Am Jur 2d, Divorce and Separation § 733.
  * Circuit judge, sitting on the Court of Appeals by assignment.

Per Curiam. Plaintiff appeals as of right from awards of alimony and attorney fees entered in favor of defendant pursuant to a judgment of divorce and an amendment thereto. The original judgment awarded defendant wife alimony in the amount of $117,225 to be paid at the rate of $225 per week for 521 consecutive weeks. On motion by plaintiff, the court's alimony award was amended to provide that the plaintiff pay alimony in the sum of $78,150 at the rate of $150 per week for 521 consecutive weeks. Such alimony would cease at such time as the gross amount had been paid in full or when defendant remarried, whichever first occurred. We find no abuse of discretion by the court in awarding alimony and that the trial court made the determination of alimony based upon the proper factors as set forth in *Holbern v Holbern,* 91 Mich App 566; 283 NW2d 800 (1979), and *Chisnell v Chisnell,* 82 Mich App 699; 267 NW2d 155 (1978). Accordingly, we decline to reverse or modify the finding of the trial court relative to alimony.

The plaintiff also argues for reversal and remand for a new trial, claiming that the trial court indicated bias against the plaintiff. The claim was based upon a remark of the trial judge at the hearing on plaintiff's motion to modify the alimony provision contained within the following statement:

"We're getting close to the bottom line. The point that I made a while ago, a little out of logical order, was that subsequent to the original award of temporary alimony, Dr. Tyrrell's earning capacity changed. How much it changed, I frankly don't know. And I've heard a lot of motions and heard the trial and some postjudgment motions in this case; and I frankly don't know. It was clear from the inception that alimony was going to

be a consideration. Frankly, I felt throughout these proceedings that Dr. Tyrrell's credibility just was very small, but there's no question that he can't earn as much money right now as he was earning at the time of the temporary award.

"The case has been long, complex, and time consuming; and I suspect that I have allowed some irritation with Dr. Tyrrell, and I think I've allowed my belief that he has not told the whole truth to *cause me to be a little bias [sic]* against him. And very frankly, I have not been all that comfortable with the amount of the alimony awarded in view of his health condition. That's a good alimony award.

"At the time of the original award, I think it was proper. Circumstances changed. The trial record reflects that. I am going to grant this motion with respect to that portion which asks that alimony be reduced. I am going to reduce the alimony to the amount of $150 a week. I'm going to make that reduction retroactive to the filing of the judgment of divorce." (Emphasis added.)

Disqualification of a trial judge because of prejudice was formerly governed by the provisions of GCR 1963, 405.1(3). Any disqualification of judges is now governed by GCR 1963, 912.2(2), which provides in pertinent part:

"A judge is disqualified when he cannot impartially hear a case, including a proceeding where the judge * * *

"(2) is personally biased or prejudiced for or against a party or attorney; * * *"

In the instant case, plaintiff never moved, pursuant to the above-quoted rule, to disqualify the trial judge. However, a waiver resulting from failure to move to disqualify a judge is not absolute. *People v Dixson,* 403 Mich 106; 267 NW2d 423 (1978).

Before a trial judge is disqualified, there must be

a showing of actual personal prejudice. *People v Page,* 83 Mich App 412; 268 NW2d 666 (1978).

This case is distinguishable from *People v Lobsinger,* 64 Mich App 284; 235 NW2d 761 (1975), since plaintiff herein has failed to show that the trial court was in any way prejudiced against him at the time of trial. The trial judge's remarks merely indicate that, after having listened to plaintiff's testimony, which he felt was untruthful, he became somewhat irritated. The trial judge's use of the term "bias" must be examined in the context in which it was used. Moreover, moments after the court said it was biased, the court granted plaintiff's motion and ordered a substantial reduction in the alimony. Further, the appellant is unable to cite even one other instance where the trial judge manifested any prejudice against appellant.

Finally, plaintiff argues that the imposition of a lien by the trial court on property awarded to plaintiff to secure payment of an award of attorney fees to defendant's attorney is improper because such a lien is not authorized by statute. We disagree.

We find that the trial court had the power to impose a judicial lien to secure payment of attorney fees, such authority stemming from MCL 552.13(1); MSA 25.93(1) which provides as follows:

"In every action brought, either for a divorce or for a separation, the court may require either party to pay alimony for the suitable maintenance of the adverse party, to pay such sums as shall be deemed proper and necessary to conserve any real or personal property owned by the parties or either of them, and to pay any sums necessary to enable the adverse party to carry on or defend the action, during its pendency. It may award costs against either party and award execution for the

same, or it may direct such costs to be paid out of *any property* sequestered, or *in the power of the court,* or in the hands of a receiver." (Emphasis added.)

We also note *Wolter v Wolter,* 332 Mich 229; 50 NW2d 771 (1952), provided a lien on specific real estate which had been awarded to the defendant husband for the payment of an attorney fee to the plaintiff-wife's attorney.

We affirm the judgment of the trial court. Costs to defendant.