MEDBURY v GENERAL MOTORS CORPORATION

Docket No. 51359. Submitted January 14, 1982, at Detroit.—Decided
September 9, 1982.

Appellant, Frank R. Langton & Associates, P.C., was hired by
appellees, Seward Medbury and Joyce Medbury, to render legal
services, on a contingency fee basis, to recover damages arising
out of a personal injury accident in which Mr. Medbury was
involved. Appellant was subsequently discharged by Mr. Med-
bury and another law firm was substituted in its place. The
Wayne Circuit Court, Robert J. Colombo, J., ordered the substi-
tution of attorneys and gave appellant a lien on any settlement
or judgment resulting on the claim, with the court to hold an
evidentiary hearing to determine the amount of the lien.
Within a year the Medburys' case was settled by the new
attorneys in the amount of $1,500,000. Thereafter, the Wayne
Circuit Court, Robert J. Colombo, J., conducted a hearing to
determine the amount of appellant's lien. The court found that
appellant expended about 140 hours in service to appellees and
that the prevailing rate for such services was $75 per hour.
Therefore, the court awarded appellant $10,500 in attorney fees
plus $1,467.50 in expenses. Appellant appeals from the order of
the circuit court determining the disposition of the settlement
funds claiming the award of its fees was insufficient and
alleging several errors by the trial court. *Held:*

    1. The court's $75 per hour figure was not randomly chosen

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error §§ 76, 493.
   5 Am Jur 2d, Appeal and Error § 931.
[2] 7 Am Jur 2d, Attorneys at Law § 277 *et seq.*
   Amount of attorney's compensation in absence of contract or stat-
   ute fixing amount. 57 ALR3d 475.
[3] 5 Am Jur 2d, Appeal and Error §§ 603, 604.
[4] 46 Am Jur 2d, Judges § 166 *et seq.*
[5] 7 Am Jur 2d, Attorneys at Law §§ 262, 270, 306.
   Circumstances under which attorney retains right to compensation
   notwithstanding voluntary withdrawal from case. 88 ALR3d 246.
[6] 5 Am Jur 2d, Appeal and Error § 881.
[7] 29 Am Jur 2d, Evidence § 251 *et seq.*
[8] 29 Am Jur 2d, Evidence § 249.
[9] 46 Am Jur 2d, Judges § 198.

but was the court's estimation of the six factors to be considered by a court in determining disputed attorney fees. Likewise, the 140-hour figure was the court's estimation of the time required to collect, analyze, and process the case file.

2. The trial court's determination is supportable. The Court of Appeals is not left with the conviction that a mistake has been made.

3. Errors in the exclusion of certain evidence sought to be elicited from two of the attorneys for appellees will not cause the verdict to be reversed since such refusal to reverse is not inconsistent with substantial justice. The evidence sought to be introduced was essentially presented to the court and, since appellant represented itself, it had a second opportunity to place before the court the quality of its work and its skill as an advocate.

4. Disqualification of the trial judge on the basis of personal bias or prejudice was not required since it cannot be concluded that the trial judge showed or admitted any personal animus toward appellant.

Affirmed.

M. J. KELLY, J., dissented and would hold that the trial court failed to consider all of the factors to be considered by a court in determining disputed attorney fees. Under the facts of this case, Judge Kelly holds a definite and firm conviction that a mistake has been committed. He would hold that, while certain questions and testimony were properly excluded from evidence as not relevant, other relevant testimony and questions should not have been excluded. He would also hold that the court erred in ruling that the appellees' attorney could not answer a question presented to the attorney by the appellant concerning whether he found any shortcomings in the Medburys' file when he obtained it from the appellant because it would be a conflict of interest. He would hold that appellant failed to properly follow the procedures outlined for taking the motion for disqualification before another judge or to the court administrator. He would reverse the award of attorney fees, remand for a new hearing, and leave to appellant the right to properly pursue a disqualification motion.

OPINION OF THE COURT

1. APPEAL — FINDINGS OF FACT — CLEAR ERROR — COURT RULES.
    Findings of fact by a trial court are not to be disturbed on appeal unless they are clearly erroneous; a trial court's decision is clearly erroneous when, although there is evidence to support

it, the reviewing court, on the entire record, is left with the conviction that a mistake has been committed (GCR 1963, 517.1).

2. ATTORNEY AND CLIENT — DISPUTED FEES — DETERMINATION OF FEES.

Six factors are to be considered by a court in determining disputed attorney fees: (1) the professional standing and experience of the attorney; (2) the skill, time, and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client.

3. APPEAL — EXCLUSION OF EVIDENCE — COURT RULES.

Errors in the exclusion of evidence will not cause a verdict to be reversed unless the refusal to reverse is inconsistent with substantial justice (GCR 1963, 529.1).

4. JUDGES — DISQUALIFICATION OF JUDGES.

An actual showing or admission of personal animus by a judge is required to disqualify the judge for bias (GCR 1963, 912.2[2]).

DISSENT BY M. J. KELLY, J.

5. ATTORNEY AND CLIENT — LIENS — WITHDRAWAL FROM CASE — QUANTUM MERUIT.

*The law creates a lien of an attorney upon the judgment or fund resulting from his services; where an attorney withdraws from a case for good cause, he does not lose his right to be paid for his services and where the attorney who withdraws was on a contingent fee arrangement he is entitled to compensation for the reasonable value of his services based upon* quantum meruit, *and not the contingent fee contract.*

6. APPEAL — EVIDENCE.

*Decisions of a trial court concerning the admissibility of evidence will not be disturbed on appeal absent an abuse of discretion.*

7. EVIDENCE — RELEVANT EVIDENCE — RULES OF EVIDENCE.

*Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence (MRE 401).*

8. EVIDENCE — RELEVANT EVIDENCE — CONSTITUTIONAL LAW — RULES OF EVIDENCE.

*All relevant evidence is admissible except as otherwise provided*

*by the United States and Michigan Constitutions or the rules of
evidence (MRE 402).*

9. JUDGES — DISQUALIFICATION OF JUDGES — COURT RULES.

*The proper method to be followed in seeking the disqualification
of a trial judge requires the following of the procedures out-
lined in the court rule regarding the disqualification of a judge
(GCR 1963, 912).*

*Frank R. Langton & Associates, P.C.,* for Frank
R. Langton & Associates, P.C.

*Zeff & Zeff* and *Kenneth A. Webb* (of counsel),
for Seward & Joyce Medbury.

Before: V. J. BRENNAN, P.J., and M. J. KELLY
and D. C. RILEY, JJ.

PER CURIAM. The dispute in this case involves
the proper attorney fees due and owing to appel-
lant after it was discharged by appellees. The
dissent sets out the facts in this case. Judge KELLY
also correctly states the black-letter law which
provides that findings of fact are not to be dis-
turbed unless they are clearly erroneous. A trial
court's decision is clearly erroneous when, al-
though there is evidence to support it, the review-
ing court, on the entire evidence, is left with the
conviction that a mistake has been committed.
*Tuttle v Dep't of State Highways,* 397 Mich 44, 46;
243 NW2d 244 (1976).

When determining disputed attorney fees, there
are six factors to be considered by the court. In
*Crawley v Schick,* 48 Mich App 728, 737; 211
NW2d 217 (1973), the Court stated:

"Where the amount of attorney fees is in dispute
each case must be reviewed in light of its own particu-
lar facts. There is no precise formula for computing the
reasonableness of an attorney's fee. However, among

the facts to be taken into consideration in determining the reasonableness of a fee include, but are not limited to, the following: (1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client. See generally 3 Michigan Law & Practice, Attorneys and Counselors, § 44, p 275 and Disciplinary Rule 2-106(B) of the Code of Professional Responsibility and Ethics."

The appellant in this case contends that the trial court substantially relied on only one of the six factors, time. We do not agree. We are convinced that the court's $75 per hour figure was not randomly chosen but was the court's estimation of the *Crawley* factors. Likewise, the 140-hour figure was the court's estimation of the time required to collect, analyze, and process the case file. While this Court may have concluded that the appellant had spent more than 140 hours during the period it represented its client or that something more than $75 per hour was an appropriate rate, the trial court's determination is supportable. We are not left with the conviction that a mistake has been made.

The appellant also claims that the court abused its discretion in determining that certain evidence sought to be elicited from two of the attorneys for appellees was inadmissible. The dissent clearly sets forth the facts regarding this issue. Errors in the exclusion of evidence will not cause a verdict to be reversed unless the refusal to reverse is inconsistent with substantial justice. GCR 1963, 529.1. The evidence which appellant sought to introduce by questioning appellees' attorneys, and which was excluded, was essentially presented to the court. Need it be noted that the best evidence

of the quality of appellant's work was its file which was before the court. Furthermore, inasmuch as appellant was representing itself, it had a second opportunity, as it were, to place before the court evidence of the quality of its work and its skill as an advocate.

The final issue is whether the judge erred by refusing to disqualify himself pursuant to GCR 1963, 912.2(2), on the basis of personal bias or prejudice against appellant. The judge's statements showed his displeasure with appellant's presentation; however, we must determine whether they rose to a level requiring disqualification. Having reviewed the case law in this area, we cannot conclude that the trial judge showed or admitted any personal animus toward appellant. *Tyrrell v Tyrrell,* 107 Mich App 435; 309 NW2d 632 (1981); *People v Lobsinger,* 64 Mich App 284, 285; 235 NW2d 761 (1975), *lv den* 395 Mich 802 (1975). Therefore, disqualification was not required.

Affirmed.

Costs to appellees.


M. J. Kelly, J. *(dissenting).* Appellant Frank R. Langton & Associates, P.C., appeals from an award of attorney fees of $11,967.50 in its favor, claiming the award was insufficient.

On August 30, 1976, appellant was hired by Seward Medbury, on a contingency fee basis, to recover damages arising out of his July 26, 1976, personal injury accident. During the next three years, appellant performed a number of legal services for Medbury including the filing of a circuit court action against General Motors Corporation, a petition for workers' compensation benefits, and an action against the Home Insurance Company alleg-

ing bad faith refusal to pay insurance benefits. Appellant's work product included the complaint against GM, a motion to produce against GM, answers to interrogatories filed by GM, and the collection of medical reports from doctors. According to appellant, the attorneys in the firm spent a great amount of time on Medbury's case.

While representing Medbury, appellant was discharged on three occasions. The first discharge occurred because Medbury did not believe appellant worked fast enough in attempting to acquire physical evidence, consisting of an automobile transmission relevant to the action against GM. The second discharge arose when Medbury became dissatisfied with appellant's handling of the Home Insurance Company action. Mr. Langton, appellant's principal attorney, and Mr. Medbury worked out their differences after the first two disputes. According to Medbury, the final discharge occurred on September 2, 1978. On that date, Medbury sent a letter to appellant discharging it. While appellant disagrees that it was discharged on September 2, 1978, it does agree that it was discharged as of November 29, 1978. The law firm of Zeff and Zeff was retained by Medbury to replace appellant. On January 26, 1979, the trial court ordered the substitution of attorneys and gave appellant a lien on any settlement or judgment resulting on the claim, with the court to hold an evidentiary hearing to determine the amount of the lien.

Zeff and Zeff prepared a mediation summary on Medbury's action against GM, which was submitted to the Wayne County Mediation Tribunal Association on January 16, 1980. The tribunal placed a $1,500,000 valuation on Medbury's damages and both parties accepted the award settling the case.

Between March 31, and April 1, 1980, a hearing was held to determine the amount of appellant's lien. The trial court found that appellant expended about 140 hours in services to Medbury and that the prevailing rate for such services was $75 an hour. The court, therefore, awarded appellant $10,500 in attorney fees plus $1,467.50 in expenses. From this award, appellant appeals.

Appellant argues that the trial court's findings of fact concerning the reasonable value of appellant's services were inadequate. The adequacy of a trial court's findings of fact are governed by GCR 1963, 517.1 which provides that the court's findings of fact will not be set aside unless they are clearly erroneous. Findings of fact are clearly erroneous when, although there is evidence to support them, the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Tuttle v Dep't of State Highways,* 397 Mich 44, 46; 243 NW2d 244 (1976).

The law creates a lien of an attorney upon the judgment or fund resulting from his services. *Ambrose v Detroit Edison Co,* 65 Mich App 484, 487-488; 237 NW2d 520 (1975), *lv den* 397 Mich 888 (1976). When an attorney withdraws from a case for good cause, he does not lose his right to be paid for his services. *Id.,* 488. Where the attorney who withdraws was on a contingent fee arrangement, he is entitled to compensation for the reasonable value of his services based upon *quantum meruit,* and not the contingent fee contract. *Id.,* 491. In *Crawley v Schick,* 48 Mich App 728, 737; 211 NW2d 217 (1973), the Court enumerated the factors to be considered when determining disputed attorney fees:

"Where the amount of attorney fees is in dispute

each case must be reviewed in light of its own particular facts. There is no precise formula for computing the reasonableness of an attorney's fee. However, among the facts to be taken into consideration in determining the reasonableness of a fee include, but are not limited to, the following: (1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client. See generally 3 Michigan Law & Practice, Attorneys and Counselors, § 44, p 275 and Disciplinary Rule 2-106(B) of the Code of Professional Responsibility and Ethics."

Applying these factors to the instant case, the trial judge focused his attention on the amount of hours worked by appellant rather than examining all six factors. While the trial court did briefly comment on some of the other factors, the basis of the award was reached by multiplying estimated hours worked by an hourly rate set by *fiat* for appellant. It is clear from the testimony at the hearing that the amount in controversy and the results achieved were considerable. There was also testimony which tended to prove that the mediation summary was based upon the work product of appellant. However, the trial court failed to consider these factors in its award. Under the facts of this case, I am left with a definite and firm conviction that a mistake has been committed.

Appellant raises a claimed error as to the exclusion of certain testimony. Decisions of a trial court concerning the admissibility of evidence will not be disturbed absent an abuse of discretion. *Drouillard v Metropolitan Life Ins Co,* 107 Mich App 608, 622; 310 NW2d 15 (1981). Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the

determination of the action more probable or less probable than it would be without the evidence. MRE 401. All relevant evidence is admissible except as otherwise provided by the constitution or the rules of evidence. MRE 402.

In this case, the trial judge excluded from evidence certain testimony given by Ronald W. Szczesny, a lawyer employed by Zeff and Zeff. During the cross-examination of Szczesny, he was asked the question, "was any work done by Mr. Zeff's office in representing Mr. Medbury to your knowledge up until the order was signed by this court in January, 1979". He was also asked, "Did you personally, yourself, do any work to effectuate the settlement of approximately a million and a half * * *". The trial court also sustained an objection to a question put to Mr. Zeff concerning the use of appellant's work product to perfect the settlement. All these questions were excluded on the ground that they were irrelevant.

The question concerning what work was done by the law firm of Zeff and Zeff prior to the order substituting them as Medbury's attorney was not relevant. It did not have any tendency to make the existence of a fact concerning the fee for appellant's work for Medbury more or less likely. However, the other two excluded questions were relevant. Appellant was attempting to prove that Zeff and Zeff relied exclusively on its work product in connection with the preparation and submission of the mediation summary. Since the mediation summary resulted in a $1,500,000 valuation and ultimate recovery, an affirmative answer to appellant's question would have shown the extent of its own skill and labor in the preparation of Medbury's case. It would have also been relevant

because it would have demonstrated that the result reached in the Medbury case was due, in considerable part, to appellant's efforts. Therefore, the evidence should not have been excluded.

Appellant also asked Mr. Zeff if he found any shortcomings concerning the proofs of GM's liability in the Medbury file when he obtained it from appellant. Although the question was objected to as irrelevant, the trial court ruled that Zeff could not answer the question because it would be a "conflict of interest". I am not convinced that in answering the question Mr. Zeff would have been faced with a conflict of interest. If there were no shortcomings in the file, Zeff's answer would have merely established another factor to be considered in awarding appellant attorney fees. Appellant should have been allowed to pursue this line of questioning.

Appellant's final claim of error concerns alleged bias by the trial judge. Since I am in the minority here I decline to examine this issue in depth. It is my observation that appellant poorly served its own cause by an inadequate presentation at the hearing below. I do not find record support for certain of the trial court's observations denigrating appellant's attempts to secure its attorney fees. The proper method for disqualification of a trial judge requires the following of the procedures outlined in GCR 1963, 912. Appellant failed to properly follow the procedures outlined for taking the motion for disqualification before another judge or to the court administrator.

I would reverse the trial court's award of attorney fees and remand for a new hearing leaving to appellant the right to properly pursue a disqualification motion under GCR 1963, 912 if it so desires.