COLEMAN v BARR

Docket No. 55658. Submitted April 7, 1982, at Lansing.—Decided October 6, 1982.

Michael J. Coleman and Kathi Coleman, his wife, brought an action in the Shiawassee Circuit Court against Walter A. Barr, Daniel W. LaPorte and Dale R. White for damages resulting from a beating which Michael Coleman received. Defendant White appeared in the matter and denied liability. Defendants Barr and LaPorte did not appear and defaults were entered against them for their failure to plead or otherwise defend against the action. Thereafter, a bench trial against White was conducted. At the close of plaintiffs' proofs, White moved for a dismissal on the ground the evidence was insufficient to establish liability. The court, Peter J. Marutiak, J., held that plaintiffs had no cause of action against defendants White and LaPorte, but found defendant Barr liable to plaintiffs for excessive force. A judgment to that effect was entered awarding plaintiffs $51,631.33 in damages against defendant Barr. Plaintiffs appeal. *Held:*

1. The trial court erred in granting judgment in favor of defendant LaPorte after a default had been entered against him and he did not appear at trial or move to set aside the default. The judgment in favor of LaPorte is reversed and the case remanded to allow plaintiffs to move for entry of a default judgment against LaPorte or other appropriate action.

2. The trial court erred in holding that Michael Coleman was the aggressor in the altercation which led to his injuries. The evidence clearly indicates that the opposite conclusion must be reached.

3. The trial court erred in holding that defendant White was assaulted first. The only testimony on point indicates that White punched Michael Coleman's companion first.

4. There was sufficient evidence presented at trial to support

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur 2d, Judgments §§ 1152, 1153, 1173.
[2] 5 Am Jur 2d, Appeal and Error § 839.
[3] 5 Am Jur 2d, Appeal and Error § 974.

the judge's finding that defendant White did not prevent Michael Coleman's companion from coming to Coleman's aid.

5. The trial judge failed to address plaintiffs' theory that defendant White engaged in a joint enterprise to injure Michael Coleman. The judgment in favor of White is, therefore, reversed and remanded for findings on plaintiffs' joint enterprise theory.

Reversed and remanded.

1. JUDGMENTS — DEFAULT JUDGMENTS — COURT RULES.

Once a default of any party has been duly filed or entered, that party shall not proceed with his case until his default has been set aside by the court in accordance with the appropriate court rule; prior to the setting aside of the default it is improper for the court to grant a judgment in the defaulted party's behalf (GCR 1963, 520.1).

2. APPEAL — FINDINGS OF FACT.

The Court of Appeals will not substitute its judgment relative to findings of fact for that of the trial court sitting as the trier of fact unless the evidence clearly indicates that an opposite result must be reached.

3. APPEAL — FINDINGS OF FACT — COURT RULES.

The Court of Appeals may remand to the trial court for findings on a party's theory of the case where the trial court sitting as the trier of fact failed to address the party's theory (GCR 1963, 517).

*Shanahan & Scheid* (by *Clark Shanahan),* for plaintiffs.

*Gerald R. Gray, Jr.,* for Dale White.

Before: M. F. CAVANAGH, P.J., and R. M. MAHER and K. B. GLASER,* JJ.

PER CURIAM. Plaintiffs sued defendants for damages resulting from a beating which plaintiff Michael Coleman (hereinafter plaintiff) received in Durand, Michigan, on December 16, 1978. Subsequently, defaults were entered against defendants

* Circuit judge, sitting on the Court of Appeals by assignment.

LaPorte and Barr for their failure to plead or otherwise defend against the action. A bench trial against defendant White commenced and at the close of plaintiffs' proofs, White moved for a dismissal on the ground that the evidence was insufficient to establish tort liability on his part. The trial court's opinion held that plaintiffs had no cause of action against defendants White and LaPorte but defendant Barr was found liable to plaintiffs for excessive force. Judgment awarding plaintiffs $51,631.33 in damages was entered; plaintiffs appeal as of right.

Plaintiffs first contend that the trial judge erred in granting judgment in favor of defendant LaPorte after a default had been entered against him and he did not appear at trial or move to set aside the default. We agree. GCR 1963, 520.1 provides in part that "[o]nce a default of any party has been duly filed or entered, that party shall not proceed with his case until his default has been set aside by the court in accordance with subrule 520.4". Since a party cannot proceed with his case until the default is set aside, it is improper for the court to grant judgment in his behalf. See, *e.g., Berger v Berkley,* 87 Mich App 361; 275 NW2d 2 (1978), *lv den* 406 Mich 969 (1979). Accordingly, the judgment in favor of defendant LaPorte is reversed and the case remanded to allow plaintiffs to move for entry of a default judgment against LaPorte or other appropriate action. *Berger, supra,* 367, 377-378.

Plaintiffs also contend that the trial court erred in holding that plaintiff Michael Coleman was the aggressor in the altercation which led to his injuries. This Court will not substitute its judgment for that of the trial court unless the evidence clearly indicates that an opposite result must be

reached. *Carnes v Sheldon,* 109 Mich App 204, 210; 311 NW2d 747 (1981).

It is undisputed that plaintiff Michael Coleman pushed defendants LaPorte and Barr before he was knocked unconscious. However, defendants had threatened plaintiff and his companion shortly before the fight. Defendant LaPorte admitted to a police officer following his arrest that defendants went to the scene of the altercation in order to find Coleman and his friend, a fact confirmed by all the defendants. The testimony also indicated that defendants Barr and LaPorte stood in front of and behind Coleman just before the altercation took place. Defendants' prior threats and their face-to-face confrontation with plaintiff lead us to conclude that defendants were the aggressors in the altercation. Plaintiff's reaction in pushing defendants away was defensive, based upon a well-founded apprehension regarding his physical welfare. We, therefore, find that the evidence clearly indicates that the trial judge's findings on this isue were erroneous and that the opposite conclusion must be reached. *Carnes v Sheldon, supra.*

Finally, plaintiffs maintain that the trial court erred in finding defendant White not liable to plaintiffs. Plaintiffs argue that White was liable because he and the other defendants engaged in a joint enterprise to injure plaintiff Michael Coleman. Plaintiffs also argue that, at the very least, defendant White had interfered with the efforts of plaintiff's companion to come to his aid, and that such interference enhanced plaintiff's injuries. In ruling on White's motion to dismiss, the trial judge stated that White was not liable because he had been assaulted first, and because he had not prevented plaintiff's companion from coming to plaintiff's aid.

After a careful review of the trial record, we conclude that there was no evidence to establish that defendant White was assaulted first. The only testimony on point indicates that White punched plaintiff's companion first. We note that there was sufficient evidence presented at trial to support the trial judge's finding that defendant White did not prevent plaintiff's companion from coming to plaintiff's aid. However, the trial judge failed to address plaintiffs' theory that defendant White engaged in a joint enterprise to injure plaintiff Michael Coleman. Therefore, we also reverse the trial court's judgment in favor of defendant White and remand for findings on plaintiffs' joint enterprise theory. GCR 1963, 517; *Thayer v Barber's Flying Service, Inc,* 40 Mich App 326; 198 NW2d 761 (1972).

Reversed and remanded.