STRINGER v BOARD OF TRUSTEES OF EDWARD W. SPARROW
HOSPITAL

1. Limitation of Actions—Statutes—Injuries to Person or Property—Discrimination—Physical Injuries—Limitations.

A medical doctor seeking return of hospital privileges and damages for the alleged arbitrary, capricious and discriminatory action of a hospital board in revoking them was barred from bringing or maintaining his action by the statute limiting actions to recover damages for injuries to persons or property to three years; the statute is to be construed comprehensively and as contemplating actions involving injuries that are other than physical and is not limited to injuries involving visible, tangible or physical damage in the classic tort sense (MCLA 600.5805[7]).

2. Limitation of Actions—Statutes—Injuries to Person and Property—Good Name—Professional Advancement—Financial Expectations—Medical Doctors.

The right to one's good name and to advancement in one's chosen profession are rights to which one is entitled by reason of being a person in the eyes of the law, and interferences with these rights are "injuries to persons and property" within the meaning of the statute limiting such actions to three years, therefore, the three-year statute applies to an action filed by a medical doctor who had his staff privileges revoked at a hospital and who claimed damage to his reputation, earning capacity and family.

Appeal from Ingham, Donald L. Reisig, J. Submitted May 6, 1975, at Lansing. (Docket No. 21478.) Decided July 22, 1975. Leave to appeal denied, 395 Mich 768.

Complaint by Christopher J. Stringer against the Board of Trustees of Edward W. Sparrow

---

Reference for Points in Headnotes

[1, 2] 51 Am Jur 2d, Limitation of Actions §§ 83, 103, 104.

Hospital and Harry J. Schmidt, Mahlon Sharpe and Irving Silverman, and others, seeking damages for wrongful revocation of staff privileges. Judgment for defendants. Plaintiff appeals. Affirmed.

*Glassen, Rhead, McLean & Campbell,* for plaintiff.

*Kitch, Suhrheinrich & Getto, P. C.,* for the Board of Trustees of Edward W. Sparrow Hospital and others.

*Rosenburg, Painter, Stanton, Bullen & Nelson, P. C.,* for J. J. Schmidt, M. Sharpe and I. Silverman.

Before: DANHOF, P. J., and J. H. GILLIS and R. M. MAHER, JJ.

R. M. MAHER, J. Plaintiff, a medical doctor, had his staff privileges at Edward W. Sparrow Hospital revoked on February 5, 1964. During the summer of that year, upon plaintiff's demand, a hearing was held and the revocation affirmed. There is dispute between the parties as to whether it was a full and complete hearing. Almost 5 years later, on April 1, 1969, plaintiff filed his complaint against some of the present defendants seeking a return of hospital privileges and $500,000 in damages. By order on July 1, 1970, plaintiff was allowed to add others as parties defendant.

Plaintiff alleges that members of the hospital's medical executive committee, acting out of personal ill will, conspired to bring about his suspension. The suspension, he claims, was unrelated to his competency as a practitioner, but instead was an arbitrary, capricious and discriminatory action

by the committee. Plaintiff states in his complaint that this action was "tantamount to revocation of his right to practice" and has resulted in damage to his reputation, earning capacity and family.

Defendants moved for accelerated judgment under GCR 1963, 116.1(5), asserting that plaintiff's action was barred under MCLA 600.5805(7); MSA 27A.5805(7), which sets the time limitations in which actions "to recover damages for injuries to persons or property" may be brought. From the court's order granting the motion and dismissing his complaint, plaintiff appeals.

We must consider whether plaintiff's action is governed by the 3-year limitation of MCLA 600.5805(7); MSA 27A.5805(7), as the trial court ruled, or by the 6-year limitation of MCLA 600.5813; MSA 27A.5813, as plaintiff contends. The respective provisions are:

"Sec. 5805. No person may bring or maintain any action to recover damages for injuries to persons or property unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.

* * *

"(7) The period of limitations is 3 years for all other actions to recover damages for injuries to persons and property."

* * *

"Sec. 5813. All other personal actions shall be commenced within the period of 6 years after the claims accrue and not afterwards unless a different period is stated in the statutes."

Review of the statutes and the often conflicting case law on the limitation of actions in Michigan leads us to the conclusion that both the label

placed upon the plaintiff's action and the type of interest that was allegedly injured are influential in determining the applicable period. For example, MCLA 600.5805(1)–(6); MSA 27A.5805(1)–(6), governs enumerated torts, while MCLA 600.5807(1)–(8); MSA 27A.5807(1)–(8), deals with various actions in contract. However, the cases evidence a willingness by our courts to look beyond procedural labels to see exactly what a party's complaint is before deciding whether it should be barred. See, *State Mutual Cyclone Insurance Co v O & A Electric Coop,* 381 Mich 318, 324; 161 NW2d 573 (1968), ("it makes no difference what form of action the plaintiff institutes in seeking recovery for damages to property or person * * * "), *Baatz v Smith,* 361 Mich 68; 104 NW2d 787 (1960). As this Court stated in *Fries v Holland Hitch Co,* 12 Mich App 178, 183; 162 NW2d 672 (1968):

"Although the above quoted statutory provisions [MCLA 600.5805; MSA 27A.5805 and MCLA 600.5807; MSA 27A.5807] are generally thought of as "tort" and "contract" provisions respectively, the provisions are not applied through any sense of magical language found in the pleadings."

Plaintiff would have us read MCLA 600.5805(7); MSA 27A.5805(7) to limit to 3 years from their accrual, only those actions that allege *physical* injury to persons or property. Actions for injury to other interests, even if characterized as actions in tort, would be outside the scope of the provision. In support of this reading, he refers to language in *Case v Goren,* 43 Mich App 673, 680; 204 NW2d 767 (1972), where this Court implied that MCLA 600.5805(7); MSA 27A.5805(7), was limited to injuries involving "visible, tangible, or physical dam-

age in the classic tort sense". In addition, plaintiff cites the Tennessee case of *Rheudasil v Clower,* 197 Tenn 27; 270 SW2d 345 (1954), where the phrase "injuries to the person", contained in the Tennessee statute of limitations, was construed to mean only physical injuries.

We are unwilling to adopt such a limited interpretation of "injuries to persons or property". *Case v Goren, supra,* involved a claim of fraud, and followed a long line of Michigan cases applying a 6-year limitation to injuries to future financial expectations brought about by fraud. Certainly it did not hold that only physical injuries come under the 3-year limitation. Furthermore, the Tennessee decision, upon which plaintiff relies, has been expressly repudiated insofar as it limited "injuries to the person" to physical injuries. In *Brown v Dunstan,* 219 Tenn 291; 409 SW2d 365 (1966), the court found injuries not dissimilar to those plaintiff complains of to be "injuries to the person".

Since no reported Michigan decision has considered whether injuries of the type plaintiff alleges, caused by the conduct he claims occurred, come within the meaning of "injuries to persons or property", we think it proper to turn to decisions of other jurisdictions for aid. *Brown v Dunstan, supra,* indicates that plaintiff's injury is one "to persons or property". In *Commerce Oil Refining Corp v Miner,* 98 RI 14; 199 A2d 606; 10 ALR3d 525 (1964) the court devoted extensive discussion to defining "injuries to the person" contained in the Rhode Island statute governing limitations of action. We find the following language to be most helpful:

"It is then our conclusion that the phrase "injuries to the person" as used in the instant statute is to be

construed comprehensively and as contemplating its application to actions involving injuries that are other than physical. Its purpose is to include within that period of limitation actions brought for injuries resulting from invasions of rights that inhere in man as a rational being, that is, rights to which one is entitled by reason of being a person in the eyes of the law. Such rights, of course, are to be distinguished from those which accrue to an individual by reason of some peculiar status or by virtue of an interest created by contract or property." 98 RI at 20–21.

Federal courts apply the most analogous state statute of limitations to actions to enforce Federal rights when there is no applicable Federal statute of limitations. Several Federal cases have applied the 3-year limitation of MCLA 600.5805(7); MSA 27A.5805(7), to civil rights actions where nonphysical infringements of civil rights were alleged. The deprivation of civil rights, *e.g.,* employment opportunities because of race, were considered as injuries to persons. *Bufalino v Michigan Bell Telephone Co,* 404 F2d 1023 (CA 6, 1968), *cert den* 394 US 987; 89 S Ct 1468; 22 L Ed 2d 763 (1969), *Marlowe v Fisher Body,* 489 F2d 1057 (CA 6, 1973), *Krum v Sheppard,* 255 F Supp 994 (W D Mich, 1966), *aff'd,* 407 F2d 490 (CA 6, 1967). The causes of action asserted in the above cases are not unlike that advanced by the plaintiff in his "prima facie tort" theory.

The wording of the statute under consideration also suggests a construction different from that advanced by the plaintiff. After listing various causes of action, several of which involve nonphysical injury, paragraph (7) of the statute states that all *other* actions to recover damages for injuries to persons and property must be brought within 3 years. This indicates that the legislative intent was not to limit "injuries to persons and

property" to physical injuries. If we are to read the phrase "according to the common and approved usage of the language", as MCLA 8.3a; MSA 2.212(1) requires us, we cannot limit it to physical injuries.

The right to one's good name and to advancement in one's chosen profession are "rights to which one is entitled by reason of being a person in the eyes of the law". We hold, therefore, that the injuries the plaintiff complains of, arising from the type of conduct he alleges, are "injuries to persons and property" within the meaning of MCLA 600.5805(7); MSA 27A.5805(7).

We also agree with the trial court that the plaintiff's action for reinstatement is barred by MCLA 600.5815; MSA 27A.5815. See *Madison v Wood,* 410 F2d 564 (CA 6, 1969).

The order and judgment of the trial court is affirmed. Costs to defendants.