COBB v MID-CONTINENT TELEPHONE SERVICE CORPORATION

Docket No. 78-2360. Submitted March 12, 1979, at Lansing.—Decided May 22, 1979.

Roland Cobb brought an action against Mid-Continent Telephone Service Corporation, alleging that he had been wrongfully terminated from employment and seeking damages for mental distress, for damage to reputation and for embarrassment. During his period of employment there had been a corporate merger and change of name, so at the time the plaintiff brought his action there was some uncertainty as to which of various corporations was the proper defendant. Some time after filing the complaint, plaintiff moved to amend his complaint to name as defendants Mid-Continent Telephone Corporation and Mid-Michigan Telephone Company and to dismiss Mid-Continent Telephone Service Corporation. The Ingham Circuit Court, Jack W. Warren, J., denied the motion to amend, holding that the statute of limitations barred the action against the additional defendants. Summary judgment was granted to the defendant. Plaintiff appeals, alleging the trial court erred in applying a 3-year statute of limitations and in concluding that the statute was not tolled by virtue of the service of the complaint on the defendant. *Held:*

1. The three-year statute of limitations was the proper limitation period to apply. Even though the plaintiff's action is grounded on a theory of breach of contract, he is seeking damages for mental distress, damage to reputation and for embarrassment which are injuries to persons and property.

2. Resolution of whether the statute of limitations is tolled as to prospective defendants is dependent upon the circumstances of each case. Here, in the case of Mid-Continent Telephone Corporation the plaintiff did not present evidence from which it

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 99.

[2] 61 Am Jur 2d, Pleadings § 305 *et seq.*

[3] 61 Am Jur 2d, Pleading § 311.

[4] 51 Am Jur 2d, Limitation of Actions §§ 89, 91, 102 et seq.

[5] 19 Am Jur 2d, Corporations §§ 1194, 1195, 1454.

51 Am Jur 2d, Limitation of Actions §§ 153, 158, 161-166, 169.

could be inferred that the officers of the prospective defendant were informed of the facts surrounding the litigation by virtue of service upon the named defendant's agent. Additionally, the plaintiff was at fault in not initially bringing suit against Mid-Continent Telephone Corporation, as its name was on his paychecks. As to Mid-Michigan Telephone Company, its officers were clearly informed of facts indicating that Mid-Michigan was a party that the plaintiff intended to sue.

Affirmed as to Mid-Continent Telephone Corporation. Reversed as to Mid-Michigan Telephone Company, and remanded for entry of an order granting plaintiff's motion for leave to add Mid-Michigan Telephone Company as a defendant.

1. PLEADING — AMENDMENT OF PLEADINGS — APPEAL AND ERROR.
   Generally, the grant or denial of a motion to amend pleadings will not be disturbed on appeal absent an abuse of discretion.

2. PLEADING — AMENDMENT OF PLEADINGS — JUDGE'S DISCRETION.
   A trial judge, in ruling on a motion to amend the pleadings, should exercise his discretion liberally and should deny amendment only when justice would not be served thereby.

3. PLEADING — AMENDMENT OF PLEADINGS — DENIAL OF MOTION TO AMEND.
   Denial of a motion to amend pleadings is properly ordered where the moving party has exhibited undue delay, bad faith or a dilatory motive, or when such an amendment would be futile.

4. LIMITATION OF ACTIONS — INJURY TO PERSONS AND PROPERTY — MENTAL DISTRESS — DAMAGE TO REPUTATION — EMBARRASSMENT.
   The three-year statute of limitations pertaining to actions alleging injuries to persons and property is properly applied to an action for damages resulting from a termination of employment in which the plaintiff, although grounding his action upon a theory of breach of contract, is seeking damages for mental distress, damage to reputation and for embarrassment (MCL 600.5805[7]; MSA 27A.5805[7]).

5. LIMITATION OF ACTIONS — TOLLING OF STATUTE — CORPORATE DEFENDANTS — SERVICE OF PROCESS — FACTORS CONSIDERED.
   Factors to be considered in determining whether service of process on one corporate defendant is sufficient to toll the statute of limitations as to another prospective corporate defendant include whether: (1) service was had upon one who was a proper representative of both corporations, (2) the corporations share

the same legal address, (3) the corporations are in the same general business, (4) the corporations have most of the same officers, (5) the corporations are represented by the same law firm, and (6) the officers of the corporation which plaintiff is seeking to add were clearly informed of facts which would indicate which entity the plaintiff intended to sue.

*Mitchell, Vilella & Houk, P.C.,* for plaintiff.

*Foster, Swift, Collins & Coey, P.C.* (by *John L. Collins* and *John W. Cotner),* for defendant.

Before: CYNAR, P.J., and J. H. GILLIS and N. A. BAGULEY,* JJ.

CYNAR, P.J. Plaintiff appeals as of right from an April 5, 1978, order denying plaintiff's motion to amend his complaint to add additional defendants and granting defendant's motion for summary judgment.

On August 26, 1975, plaintiff filed a complaint alleging that he had been wrongfully terminated by defendant. The complaint alleged that in March of 1958 he entered into an employment contract with the Rural Telephone Company and that he continued to work for this company until it was sold to defendant some time prior to June of 1969. According to plaintiff's complaint, defendant assumed all the contractual obligations of Rural Telephone Company, including the retention of all employees and their pension plan. Plaintiff further alleged that in September of 1972, two months prior to the vesting of a stock option plan, he was wrongfully terminated from employment with defendant. On August 29, 1975, the complaint was served upon Charles M. Stark, defendant's designated agent for service of process.

On October 10, 1975, defendant answered, deny-

* Circuit judge, sitting on the Court of Appeals by assignment.

ing all of plaintiff's allegations. Defendant claimed that plaintiff's contract with Rural Telephone Company was acquired by an entity other than defendant. For the next year-and-a-half, plaintiff unsuccessfully attempted to discover the relationship between Rural Telephone Company and various other entities. Although plaintiff testified at a February 17, 1976, deposition that he believed that Mid-Continent Telephone Corporation (hereinafter Mid-Continent) had actually been his employer and that this corporation's name appeared on his paychecks, no motion to amend the complaint to add Mid-Continent as a defendant was made at that time.

On May 5, 1977, plaintiff filed a motion for leave to amend his complaint. In the motion he alleged that, as a result of discovery, he had determined that Mid-Michigan Telephone Company (hereinafter Mid-Michigan) and Mid-Continent were actually the proper defendants in this case. Defendant chose to oppose this motion, even though plaintiff was also seeking to dismiss it as a party.

On June 27, 1977, plaintiff's motion to amend was denied. The court held that the statute of limitations had run as to the additional defendants. The court concluded that, in the absence of proof of a relationship between defendant and the proposed additional parties, service upon defendant was insufficient to toll the statute as to the other parties. A subsequent similar motion, supported by numerous corporate documents, was also denied. An order granting a defense motion for summary judgment was granted on June 7, 1978.

On appeal, plaintiff's sole contention is that the trial judge erred in denying his motion for leave to amend his complaint. Review of this issue involves consideration of the interplay between the rules

governing the amendment of pleadings and those concerned with the statute of limitations.

In general, the grant or denial of a motion to amend pleadings will not be disturbed absent an abuse of discretion. *Grove v Story Oldsmobile, Inc,* 31 Mich App 613, 617; 187 NW2d 923 (1971). In ruling on a motion to amend, a trial judge should exercise his discretion liberally and should deny amendment only when justice would not be served thereby. *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 658; 213 NW2d 134 (1973). Denial of a motion to amend pleadings is properly ordered where the moving party has exhibited undue delay, bad faith or a dilatory motive, or when such an amendment would be futile. *Ben P Fyke & Sons v Gunter Co, supra,* at 659.

In the present case the trial judge determined that the statute of limitations had run against the additional prospective defendants and that amendment would therefore be futile. Plaintiff contends that the trial judge erred both in applying a three-year statute of limitations and in concluding that the statute was not tolled as to the prospective defendants by virtue of the service of the complaint upon defendant.

We agree with the trial judge's determination that that the three-year, rather than six-year, statute of limitations applies to plaintiff's claim.[1] Although plaintiff's cause of action is grounded upon a theory of breach of contract, the damages sought are for mental distress, damage to reputation and embarrassment. Under these circumstances, plaintiff is alleging "injuries to persons and property",

---

[1] MCL 600.5805(7); MSA 27A.5805(7) provides for a three-year statute of limitations for all but specified actions "to recover damages for injuries to persons and property". MCL 600.5807(8); MSA 27A.5807(8) provides for a 6-year statute of limitations for all but specified actions "to recover damages or sums due for breach of contract".

MCL 600.5805(7); MSA 27A.5805(7), and the 3-year statute of limitations was correctly applied. *Stringer v Bd of Trustees of Edward W Sparrow Hospital,* 62 Mich App 696, 701-702; 233 NW2d 698 (1975).

The question of whether the statute of limitations was tolled as to the prospective defendants is not as easily disposed of. In *Wells v The Detroit News, Inc,* 360 Mich 634, 639; 104 NW2d 767 (1960), the Court focused upon several factors in determining whether service of process upon one corporate defendant is sufficient to toll the statute of limitations as to another prospective corporate defendant. These include: (1) whether service was had upon one who was a proper representative of both corporations; (2) whether the corporations share the same legal address; (3) whether the corporations are in the same general business; (4) whether the corporations have most of the same officers; (5) whether the corporations are represented by the same law firm; and (6) whether the officers of the corporations which plaintiff is seeking to add were clearly informed of facts which would indicate which entity plaintiff intended to sue. Furthermore, courts generally have also considered the extent of plaintiff's fault in bringing an action against the wrong entity. See Anno: *Change in party after statute of limitations has run,* 8 ALR2d 6, § 72, pp 144-148, and *Amer v Clarence A Durbin Associates,* 87 Mich App 62, 67; 273 NW2d 588 (1978).

In cases decided subsequent to *Wells, supra,* these factors have been applied with varying results. Compare *Bensinger v Reid,* 17 Mich App 219; 169 NW2d 361 (1969), and *Arnold v Schecter,* 58 Mich App 680; 228 NW2d 517 (1975) (statute of limitations bars suit), with *Apple v*

*Solomon,* 12 Mich App 393; 163 NW2d 20 (1968), and *Forest v Parmalee (On Rehearing),* 60 Mich App 401; 231 NW2d 378 (1975), *aff'd* 402 Mich 348; 262 NW2d 653 (1978) (statute of limitations does not bar suit). The resolution of the issue thus turns on the particular circumstances of each case. *Charpentier v Young,* 83 Mich App 145, 149-150; 268 NW2d 322 (1978), *Amer v Clarence A Durbin Associates, supra,* 67.

Prior to applying the factors noted in *Wells, supra,* to the present case, it is necessary to describe the corporate web in which plaintiff had become intertwined.[2]

On May 30, 1974, Rural Telephone Company, plaintiff's previous employer, and six other telephone companies filed a merger agreement with the Michigan Department of Commerce. This agreement was signed by Charles M. Stark, as president of each of the seven companies, and by Lawrence B. Lindemer as secretary of the seven companies. Each of the seven companies was a subsidiary of Mid-Continent. Pursuant to the merger agreement, the seven companies were merged into the New Lawrence Telephone Company, which name was then changed to the Mid-Michigan Telephone Company.

Mid-Continent Telephone Service Corporation, the original defendant, is an Ohio corporation doing business in this state. Its secretary, George C. McConnaughey, is also the secretary of Mid-Continent. On July 16, 1973, Charles M. Stark was named as defendant's resident agent succeeding Charles M. Wiley. The location of defendant's registered office was also changed at this time to 202 N. Clinton in the City of Stockbridge. This

---

[2] The information describing this corporate web was submitted below in support of plaintiff's second motion for leave to amend.

location was also the registered office of the New Lawrence Telephone Company. Furthermore, on March 1, 1973, Charles M. Stark was designated as resident agent of New Lawrence Telephone Company, replacing Charles Wiley.

Applying the *Wells* factors to the facts of this case, we conclude that the trial judge properly ruled that the statute of limitations barred the claim against Mid-Continent. It is true that Mid-Continent and defendant are in the same general business, are represented by the same law firm[3] and have one common corporate officer. However, plaintiff was unable to establish that the two corporations have the same designated agent or the same legal address. Nor did plaintiff introduce any further evidence of identity of corporate officers or other evidence from which we can infer that the officers of Mid-Continent were informed of the facts surrounding this litigation by virtue of service upon defendant's designated agent. Furthermore, plaintiff was at fault in failing to bring suit against Mid-Continent, as its name appeared on his paychecks. Therefore, we do not disturb the trial court's ruling, insofar as Mid-Continent is concerned.

However, we conclude that the trial court erred in denying plaintiff's motion for leave to add Mid-Michigan as a defendant. Mid-Michigan and defendant are in the same general business, share a common legal address, have the same legal counsel[4] and have designated the same agent for service of process.[5] That agent, Charles M. Stark, is

---

[3] In this regard, we note that the attorneys for defendant have both below and on appeal vigorously argued in behalf of Mid-Michigan and Mid-Continent. Defendant, however, was dismissed from the case below. Based upon this evidence we can only conclude that the three corporations are represented by the same firm.

[4] See note 3, *supra.*

[5] We note that the proofs submitted by plaintiff do not include any

also the president of Mid-Michigan. Therefore, we conclude that the officers of Mid-Michigan were clearly informed, by virtue of the service of the complaint upon Mr. Stark, of facts indicating that Mid-Michigan was the party plaintiff intended to sue. We find no negligence on plaintiff's part in his inability to initially sort out the corporate network of which Mid-Michigan was a part. Nor has Mid-Michigan shown any prejudice that would result from their being added as a defendant at this time.

The decision of the circuit court is affirmed as to Mid-Continent Telephone Corporation. The decision of the circuit court is reversed as to Mid-Michigan Telephone Company and the case remanded for entry of an order granting plaintiff's motion for leave to add Mid-Michigan Telephone Company as a defendant in this action. No costs, neither party prevailing in full.

documents expressly designating Charles M. Stark as agent for Mid-Michigan. However, the proofs do indicate that Mr. Stark was the designated agent for the New Lawrence Telephone Company and that the name of the latter entity was subsequently changed to Mid-Michigan Telephone Company. Therefore, we conclude that, after the name change, Mr. Stark became the designated agent for Mid-Michigan.