SALISBURY v McLOUTH STEEL CORPORATION

Docket No. 78-1650. Submitted June 12, 1979, at Detroit.—Decided October 5, 1979.

Plaintiff Tracy E. Salisbury was terminated from his job with defendant McLouth Steel Corporation on January 14, 1974. Plaintiff filed suit in the United States District Court for the Eastern District of Michigan, alleging a violation of the Federal Age Discrimination in Employment Act. That case was dismissed on May 2, 1974.

Plaintiff then filed a complaint with the Michigan Civil Rights Commission. That complaint was dismissed on March 13, 1975. On March 17, 1977, the plaintiff brought an action against the defendant in Wayne Circuit Court, alleging age discrimination and breach of an oral employment contract. The circuit court, Thomas J. Foley, J., granted the defendant's motion for a summary judgment, holding that the plaintiff's claim of age discrimination was barred by the statute of limitations and that, as to the contract claim, plaintiff failed to state a claim upon which relief could be granted. Plaintiff appeals, alleging that 1) his cause of action did not accrue until the date upon which he last received income from the defendant, 2) his discharge constituted a breach of an oral contract, and 3) summary judgment was inappropriate because there were material issues of fact. *Held:*

1. Plaintiff's claim accrued on the date he was discharged. The fact that he may have subsequently received vacation or severance pay is irrelevant. The claim was barred by the running of the limitations period.

2. A contract for "permanent employment" or "employment

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur 2d, Master and Servant §§ 60, 80, 81.
Construction and effect of severance or dismissal pay provisions of employment contract or collective labor agreement. 40 ALR2d 1044.

[2] 53 Am Jur 2d, Master and Servant §§ 32, 33.
Validity and duration of contract purporting to be for permanent employment. 60 ALR3d 226.

[3] 73 Am Jur 2d, Summary Judgment § 26.

for life" is terminable at the will of either party absent some distinguishing features or provisions or a consideration in addition to the services to be rendered. Plaintiff has failed to allege any feature which would distinguish this contract from one terminable at will.

3. The existence of genuine issues of material fact has no applicability to summary judgment for failure to state a claim upon which relief can be granted.

Affirmed.

1. MASTER AND SERVANT — EMPLOYMENT CONTRACTS — BREACH OF CONTRACT — CAUSE OF ACTION.

A cause of action arising out of the discharge of a plaintiff resulting in an alleged breach of an employment contract accrues on the date of the plaintiff's discharge and the fact that the plaintiff may have subsequently received vacation or severance pay from the defendant is irrelevant.

2. MASTER AND SERVANT — EMPLOYMENT CONTRACTS — TERMINATION.

Contracts for permanent or life employment are considered indefinite hirings which, absent distinguishing features or consideration in addition to the services to be rendered, are terminable at the will of either party.

3. JUDGMENT — SUMMARY JUDGMENT — MATERIAL FACTS — FAILURE TO STATE CLAIM — COURT RULES.

A genuine issue of material fact precludes the granting of summary judgment which is sought on the ground that there is no genuine issue as to any material fact but does not preclude summary judgment sought on the ground that the opposing party has failed to state a claim upon which relief can be granted (GCR 1963, 117.2[1][3]).

*Haynes & Donnelly, P.C.,* for plaintiff.

*Dickinson, Wright, McLean, Cudlip & Moon* (by *John Corbett O'Meara, Henry W. Saad* and *Steven C. Nadeau),* for defendant.

Before: J. H. GILLIS, P.J., and BEASLEY and R. M. RANSOM,* JJ.

PER CURIAM. Plaintiff appeals a decision for the

* Circuit judge, sitting on the Court of Appeals by assignment.

Wayne County Circuit Court granting summary judgment to defendant.

Plaintiff was terminated from his job by defendant on January 14, 1974. Plaintiff filed suit in the United States District Court for the Eastern District of Michigan, alleging a violation of the Federal Age Discrimination in Employment Act. That case was dismissed on May 2, 1974.

Plaintiff then filed a complaint with the Michigan Civil Rights Commission. That complaint was dismissed on March 13, 1975. The instant suit, alleging age discrimination and breach of an oral employment contract, was commenced on March 17, 1977.

The trial court held that plaintiff's claim of age discrimination was barred by the three-year statute of limitations, MCL 600.5805(7); MSA 27A.5805(7). In addition, the court ruled that as to the contract claim plaintiff failed to state a claim upon which relief could be granted.

Plaintiff concedes that the three-year statute of limitations is applicable to the age discrimination claims but contends that his cause of action did not accrue until February 14, 1974, the date upon which he last received income from defendant.

Plaintiff's cause of action accrued on the date he was discharged, January 14, 1974. *Olson v Rembrandt Printing Co,* 511 F2d 1228 (CA 8, 1975), *Prophet v Armco Steel, Inc,* 575 F2d 579 (CA 5, 1978). It is the discharge itself which is alleged to be wrongful. Hence, the cause of action accrued on that date and the fact that plaintiff may have subsequently received vacation or severance pay from defendant is irrelevant.

Because of the above determination we need not address plaintiff's contention that the statute was tolled while the Federal suit was pending. Even

assuming it was tolled, plaintiff's current complaint was not timely filed.

Plaintiff also argued that his discharge constituted a breach of an oral employment contract. The trial court properly ruled that plaintiff failed to state a claim upon which relief could be granted. A contract for "permanent employment" or "employment for life" is terminable at the will of either party absent some distinguishing features or provisions or a consideration in addition to the services to be rendered. *Lynas v Maxwell Farms,* 279 Mich 684; 273 NW 315 (1937), *Adolph v Cookware Co of America,* 283 Mich 561; 278 NW 687 (1938), *Milligan v The Union Corp,* 87 Mich App 179; 274 NW2d 10 (1978). Plaintiff has failed to allege any feature which would distinguish this contract from one terminable at will.

Plaintiff's claim that summary judgment was inappropriate because there were material issues of fact reflects an inaccurate understanding of the basis for summary judgment in this case. The court granted summary judgment under GCR 1963, 117.2(1), for failure to state a claim upon which relief could be granted. A material issue of fact precludes summary judgment when the motion is made under GCR 1963, 117.2(3). That is not the situation here.

Affirmed. Costs to appellee.