MACDONALD v FORD MOTOR COMPANY

Docket No. 58499. Submitted April 20, 1982, at Detroit.—Decided June 16, 1982.

Edward MacDonald, a minor, was involved in an automobile accident in 1976 when the car he was driving collided with the rear of a truck owned by Ford Motor Company and operated by one of its employees. The drivers of the two vehicles exchanged identification and orally agreed not to report the accident to the police. The accident was reported to the police by Ford Motor Company. June E. MacDonald, individually and as guardian of Edward MacDonald, filed suit against Ford Motor Company in Oakland Circuit Court seeking recovery for mental anguish and certain economic losses allegedly sustained by plaintiff and her son as a result of defendant's alleged breach of the oral contract. Defendant failed to respond to plaintiff's complaint within 20 days and a default was entered in favor of plaintiff. Defendant then moved to set aside the default. The court, Farrell E. Roberts, J., granted defendant's motion. Plaintiff then moved to disqualify Judge Roberts on the ground that he was biased and prejudiced against plaintiff's attorney. Judge John N. O'Brien was appointed to hear the motion for disqualification. Both Judge Roberts and Judge O'Brien denied plaintiff's motion. Defendant then moved for partial summary judgment to dismiss June E. MacDonald in her representative capacity on the ground that Edward was over 18 years old when the complaint was filed and thus was not disabled from bringing the action in his own name. The court, Farrell E. Roberts, J., entered an order dismissing June E. MacDonald in both her representative and individual capacities and allowed the case to proceed with Edward MacDonald as the named

REFERENCES FOR POINTS IN HEADNOTES

[1] 46 Am Jur 2d, Judges §§ 166, 167.
[2] 4 Am Jur 2d, Appeal and Error § 115.
46 Am Jur 2d, Judgments § 676.
Appealability of order setting aside, or refusing to set aside, default judgment 8 ALR3d 1272.
[3] [No reference]
[4] 51 Am Jur 2d, Limitation of Actions § 103.

plaintiff. Defendant moved for accelerated judgment on the ground that plaintiff's claims were actually tort claims and were barred by the applicable statute of limitations. The court granted defendant's motion and an order granting defendant accelerated judgment was entered.

Plaintiff appeals. *Held:*

1. The trial court did not err in not disqualifying Judge Roberts. The record fails to show any actual bias or prejudice on his part.

2. Plaintiff has failed to establish that Judge Roberts abused his discretion in granting defendant's motion to set aside the default.

3. The trial court did not err in granting defendant's motion for partial summary judgment dismissing June E. MacDonald as a party. Mrs. MacDonald had no standing to represent her son since he was not disabled from asserting his own claims. Furthermore, Mrs. MacDonald's individual claim for damages based on mental anguish is a tort claim and is barred by the three-year period of limitation.

4. Edward MacDonald's claim for damages based on mental anguish is also a tort claim and is likewise barred by the applicable statute of limitations.

Affirmed.

1. JUDGES — DISQUALIFICATION.

A trial judge will not be disqualified absent a showing of actual bias or prejudice.

2. APPEAL — DEFAULT JUDGMENT.

A trial judge's decision to set aside a default will not be reversed on appeal absent a clear abuse of discretion.

3. MOTIONS AND ORDERS — LABELING OF MOTIONS.

An incorrectly labeled motion is considered as if correctly labeled, absent prejudice to the other party.

4. TORTS — MENTAL ANGUISH — STATUTE OF LIMITATIONS.

A claim for damages based upon mental anguish allegedly sustained by the plaintiff as a result of apprehension about criminal charges that could be brought against the plaintiff for leaving the scene of a property damage accident without authorization is a tort claim and is subject to the statute of limitations applicable to such claims (MCL 600.5805[8]; MSA 27A.5805[8]).

*William L. Fisher,* for plaintiff.

*Ogne, Jinks, Ecclestone & Alberts, P.C.* (by *James W. Stuart),* for defendant.

Before: Bronson, P.J., and D. F. Walsh and C. W. Simon,* JJ.

Per Curiam. Plaintiff June E. MacDonald, individually and as guardian of her son, Edward MacDonald, appeals as of right from an Oakland County Circuit Court opinion and order which granted defendant accelerated judgment, GCR 1963, 116.1(5), based on the running of the period of limitation, MCL 600.5805(8); MSA 27A.5805(8).

This lawsuit, which was commenced in Oakland County Circuit Court on May 12, 1980, seeks recovery for mental anguish and certain economic losses allegedly sustained by plaintiff and her son as a result of defendant's alleged breach of an alleged oral contract. On February 20, 1976, Edward MacDonald was driving an automobile that collided with the rear of a truck owned by defendant and operated by one of its employees. Defendant's truck sustained no damage in the collision. Edward MacDonald and the driver of the truck allegedly exchanged identification and entered into an oral contract under which neither party would report the accident to the police. In reliance upon this agreement, Edward MacDonald placed his automobile in a parking area and left the accident scene. The truck driver drove the truck away from the accident scene. Defendant allegedly breached the contract by reporting the accident to the police. The complaint also alleged that defendant "falsely charged plaintiff minor with leaving the scene of a property damage accident without any authorization". The complaint averred that plain-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tiff and her son had sustained severe mental anguish from their apprehension about criminal charges that could be brought against him as well as towing and storage charges and attorney fees for defense in the criminal proceedings.

Plaintiff entered a default, GCR 1963, 520, against defendant on September 17, 1980, because of defendant's failure to respond to the complaint within 20 days, GCR 1963, 108.1(1). On September 23, 1980, defendant moved to set aside the default, GCR 1963, 520.4. Judge Farrell E. Roberts granted the motion on December 17, 1980.

On September 29, 1980, plaintiff moved to disqualify Judge Roberts, GCR 1963, 912, on the ground that he was biased and prejudiced against plaintiff's counsel. The state court administrator assigned Judge John N. O'Brien to hear the motion. On November 26, 1980, Judge Roberts entered an order denying the motion. The motion was subsequently heard and denied by Judge O'Brien on December 10, 1980.

On January 23, 1981, defendant moved for partial summary judgment, GCR 1963, 117.2(3), to dismiss June E. MacDonald in her representative capacity on the ground that her son was over 18 years old when the complaint was filed and thus was not disabled from bringing the action in his own name. On February 26, 1981, Judge Roberts entered an order dismissing plaintiff in both her representative and individual capacities. The order provided that the case would proceed with Edward MacDonald as the named plaintiff.

On March 11, 1981, defendant moved for accelerated judgment, GCR 1963, 116.1(5), on the ground that any claims sounding in tort were barred by the statute of limitations, MCL 600.5805(3), (8); MSA 27A.5805(3), (8). On June 12, 1981, Judge

Roberts issued an opinion and order granting defendant accelerated judgment.

Plaintiff raises four issues on appeal. Plaintiff first contends that the trial court erred in denying her motion to disqualify Judge Roberts. The motion was based in part on the following statement which Judge Roberts allegedly had made in a different case involving plaintiff's counsel: "If one could sue for hurt feelings in this state, the mind is boggled by the numbers and types of cases that would come before our courts." Judge Roberts also allegedly assessed an attorney fee of $250 against Attorney Fisher's clients in that case. The motion claimed that Judge Roberts was biased and prejudiced in the present case because he had a preconceived opinion about lawsuits that seek damages for mental anguish.

A trial judge will not be disqualified absent a showing of actual bias or prejudice. *Backowski v Solecki,* 112 Mich App 401, 412; 316 NW2d 434 (1982), *Tyrrell v Tyrrell,* 107 Mich App 435, 437-438; 309 NW2d 632 (1981).

Plaintiff's counsel has not provided this Court with a transcript of the hearings, required by GCR 1963, 812.2(a), held before Judge Roberts and Judge O'Brien on the disqualification motion. This Court cannot assess the significance of Judge Roberts' alleged statement and award of attorney fees in a different case without knowing the circumstances surrounding those actions. Since the present record completely fails to show actual bias or prejudice on the part of Judge Roberts, we hold that no error occurred in the denial of plaintiff's motion to disqualify him. *Graham v Ryerson,* 96 Mich App 480, 491-492; 292 NW2d 704 (1980).

Plaintiff next contends that the trial court erred in granting defendant's motion to set aside the default, GCR 1963, 520.4.

At the outset, we reject plaintiff's argument that Judge Roberts had no authority to set aside the default because the 20-day period for taking an interlocutory appeal had not elapsed from the date Judge O'Brien denied plaintiff's disqualification motion. Since the disqualification motion was denied by both Judge Roberts and Judge O'Brien, Judge Roberts was certainly entitled to continue presiding over the case. He was not stripped of authority to act in this matter merely because the period for appealing Judge O'Brien's order had not expired.

The procedure for setting aside a default is governed by GCR 1963, 520.4. A trial judge's decision to set aside a default will not be reversed on appeal absent a clear abuse of discretion. *Glasner v Griffin*, 102 Mich App 445, 448; 301 NW2d 889 (1980).

Plaintiff's counsel has not provided this Court with the transcript of the December 17, 1980, hearing on defendant's motion to set aside the default. Without a transcript of the motion hearing, this Court cannot assess whether the trial court abused its discretion in setting aside the default. An abuse of discretion has not been established on the limited record before this Court. *Graham, supra*.

Plaintiff's third issue on appeal is that the trial court erred in granting defendant's motion for a partial summary judgment, GCR 1963, 117.2(3).

Although defendant's motion should have been for accelerated judgment, GCR 1963, 116.1(3), an incorrectly labeled motion is considered as if correctly labeled, absent prejudice to the other party. *Robinson v Emmet County Road Comm*, 72 Mich App 623, 637; 251 NW2d 90 (1976). It does not appear that plaintiff suffered any prejudice by the mislabeling in the present case.

Since Edward MacDonald was born January 17, 1959, and was 21 years old when this action was commenced on May 12, 1980, he was not disabled from asserting his own claims. Hence, his mother had no standing to assert his claims, and the trial court properly dismissed her in her representative capacity.

We find that June E. MacDonald's individual claim for damages based upon mental anguish she allegedly sustained is a tort claim rather than a contract claim and thus is barred by the three-year statute of limitations contained in MCL 600.5805(8); MSA 27A.5805(8). *Cobb v Mid-Continent Telephone Service Corp,* 90 Mich App 349, 353-354; 282 NW2d 317 (1979), *Stringer v Board of Trustees of Edward W Sparrow Hospital,* 62 Mich App 696; 233 NW2d 698 (1975).

Plaintiff's final contention is that the trial court erred in granting defendant accelerated judgment, GCR 1963, 116.1(5), on Edward MacDonald's claim for breach of contract.

Plaintiff's counsel argues that Edward MacDonald's status as an infant was preserved by law until he attained the age of 21 because he was born in 1959, when the age of majority was 21, and because the Age of Majority Act, which changed the age of majority from 21 to 18, effective January 1, 1972, must be given only prospective effect.

This argument is without merit. Section 2 of the Age of Majority Act, MCL 722.52; MSA 25.244(52), provides that a person who attains 18 years of age either on or after January 1, 1972, "is deemed to be an adult of legal age for all purposes whatsoever and shall have the same duties, liabilities, responsibilities, rights and *legal capacity* as persons heretofore acquired at 21 years of age". (Em-

phasis added.) The saving provision of the act, MCL 722.54; MSA 25.244(54), is not applicable because Edward MacDonald's claim against defendant did not accrue prior to January 1, 1972, and because no proceedings were pending at that time.

We find that Edward MacDonald's claim for damages based upon mental anguish he allegedly sustained, like that of his mother, is a tort claim rather than a contract claim and thus is barred by MCL 600.5805(8); MSA 27A.5805(8). *Cobb, supra, Stringer, supra.*

Affirmed, costs to appellee.