Donald C. RICHMOND, Plaintiff,

v.

WYETH LABORATORIES DIVISION OF AMERICAN HOME PRODUCTS CORPORATION, Defendant.

No. K85–168 CA.

United States District Court,
W.D. Michigan, S.D.

Aug. 4, 1986.

Daniel M. Blandford, Drain & Blandford, Grand Rapids, Mich., for plaintiff.

Scott L. Gorland, Pepper, Hamilton & Scheetz, Detroit, Mich., for defendant.

## OPINION

BENJAMIN F. GIBSON, District Judge.

The issue presented to this Court is one of first impression. To be decided is what statute of limitations applies to a breach of an implied employment contract claim. Plaintiff, a former employee of defendant, filed suit three years one and one-half months after being discharged from defendant company. If the three year limitations statute for injuries to person or property applies, then all counts of plaintiff's

complaint will be barred as untimely.[1] If the six year limitations statute for breach of contract applies, then only counts II and III of plaintiff's complaint will be dismissed.[2] This action is before the Court pursuant to defendant's motion to dismiss. Jurisdiction is based on diversity of citizenship.

Plaintiff states three claims: (1) breach of an implied employment contract; (2) negligence in following policy and evaluating job performance; and (3) age discrimination under the Elliott-Larson Civil Rights Act, M.C.L.A. § 37.2101 *et seq.* The alleged damages on all three counts are for: (1) loss of earning capacity, including wages and fringe benefits, together with loss of earnings; (2) embarrassment, humiliation, loss of social enjoyment and pleasures; and (3) mental anguish.

## COUNTS II and III

■ Counts II and III must be dismissed as both counts were filed after the expiration of the statute of limitations period. Negligence claims in Michigan are governed by the three year statute of limitations in M.C.L.A. § 600.5805(8). *Coates v. Milner Hotels, Inc.*, 311 Mich. 233, 18 N.W.2d 389 (1945) (claims for personal injuries resulting from negligence are controlled by the three year limitations statute even though the claims arise from a breach of an implied contract). Likewise, claims of age discrimination arising under the Elliott-Larson Civil Rights Act are governed by the same three year limitations statute. *Janikowski v. Bendix Co.*, 603 F.Supp. 1284 (E.D.Mich.1985); *Salisbury v. McLouth Steel Corp.*, 93 Mich.App. 248, 287 N.W.2d 195 (1979).

Plaintiff was discharged on January 5, 1982. He filed suit on February 25, 1985. Plaintiff's claim was filed one and one-half months after the expiration of the statute of limitations period—the limitations period having commenced on plaintiff's discharge date. Therefore plaintiff has failed to state a claim upon which relief can be granted and Counts II and III must be dismissed.

## COUNT I

■ In Count I, plaintiff alleges defendant breached an employment contract of indefinite term by terminating plaintiff without good cause. The contract is alleged to be created through booklets, personnel and policy statements communicated to plaintiff, and contractual provisions and statements communicated to plaintiff by defendant's agents. In Michigan, this type of contract is commonly called a "Toussaint" employment contract.[3]

Defendant posits that in accordance with Michigan's theory and application of the three year statute and the fact that "Toussaint" employment contracts are implied contracts, the three year statute of limitations for injury to persons or property ap-

1. M.C.L.A. § 600.5805(8) provides as follows:
   Sec. 5805. (1) A person shall not bring or maintain an action to recover damages for injuries to persons or property unless, after the claim first accrued to the plaintiff or to someone through whom the plaintiff claims, the action is commenced within the periods of time prescribed by this section.
      *    *    *    *    *    *
   (8) The period of limitations is 3 years after the time of the death or injury for all other actions to recover damages for the death of a person, or for injury to a person or property.

2. M.C.L.A. § 600.5807(8) provides as follows:
   Sec. 5807. No person may bring or maintain any action to recover damages or sums due for breach of contract, or to enforce the specific performance of any contract unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.
      *    *    *    *    *    *
   (8) The period of limitations is 6 years for all other actions to recover damages or sums due for breach of contract.

3. In *Toussaint v. Blue Cross & Blue Shield of Michigan*, 408 Mich. 579, 598, 292 N.W.2d 880 (1980), the Michigan Supreme Court held that a provision in an employment contract that provides for discharge only for cause is legally enforceable even though the contract is for an indefinite term. Such a provision may also become part of the contract as a result of an employee's legitimate expectations based in an employer's policy statements.

plies to an alleged breach of such a contract. The injury is to the person. Defendant relies on numerous cases where the three year statute was applied to breach of implied contracts, some being employment contracts.[4]

Plaintiff contends that as a result of the *Toussaint* decision and the holding in *Valentine v. General American Credit, Inc.*, 420 Mich. 256, 362 N.W.2d 628 (1984) ("*Toussaint*" type of contracts are contract actions and mental anguish damages are not recoverable), the six year contract statute of limitations applies to an alleged breach of a "*Toussaint*" employment contract. The Court agrees with plaintiff.

In Michigan, the focal point in determining the applicable statute of limitations is the type of interest allegedly harmed. *Barnard v. Dilley*, 134 Mich.App. 375, 350 N.W.2d 887 (1984). Until 1977, Michigan applied the three year statute of limitations to an action to recovery damages for injuries to persons or property regardless of whether the injury arose out of tort or a contractual relationship, express or implied. *Baatz v. Smith*, 361 Mich. 68, 104 N.W.2d 787 (1960); *State Mutual Cyclone Ins. Co. v. O. & A. Electric Cooperative*, 381 Mich. 318, 161 N.W.2d 573 (1968).

In 1977, the Michigan Supreme Court in *Huhtala v. Travelers Ins. Co.*, 401 Mich. 118, 257 N.W.2d 640 (1977), held that the six year breach of contract statute of limitations applies to an action for damage to persons or property, as long as the suit is based on an express promise and not a duty implied by law. The Court held that the six year statute of limitations applies to a promissory estoppel claim as promissory estoppel is much like an express contract. There exists an express promise or agreement between the parties and the promise is not one implied by law.

In essence, when determining the applicable statute of limitations for a contract action, the following rules apply. If the breach of contract action is not to recover damages for injury to persons or property, the six year statute applies. If the action is to recover for injuries to persons and property, then an analysis of the basis creating the contractual relationship must be made.

The Court finds it unnecessary to determine whether a breach of a "*Toussaint*" employment contract is for injury to persons or property. As explained below, an alleged breach of a "*Toussaint*" employment contract is a contract action and the basis of the contract is an agreement between the parties not one implied by law. Therefore, whether it is an action to recover damages for injury to persons or not, the six year statute of limitations should apply under the *Huhtula* holding.

"*Toussaint*" actions are held to be contract and not tort actions. *Valentine v. General American Credit, Inc.*, 420 Mich. 256, 259, 362 N.W.2d 628 (1984). The basis of a "*Toussaint*" action is the agreement between the parties. "The obligation which gave rise to this action is based on the agreement of the parties. It is not an obligation imposed on the employer by law." *Id.* The right in "*Toussaint*" that is enforceable is the "promise not to terminate except for cause." *Id.* at 258, 362 N.W.2d 628.

Reason dictates that an employer's policy statements and provisions in a personnel handbook are agreements between employer and employee. No public policy creates an obligation by the employer to adhere to

**4.** See *Stringer v. Board of Trustees of Edward W. Sparrow Hospital*, 62 Mich.App. 696, 233 N.W.2d 698 (1975) (doctor whose hospital privileges were revoked sued for damage to reputation, earning capacity and family); *Cobb v. Mid-Continent Tel. Service Corp.*, 90 Mich.App. 349, 282 N.W.2d 317 (1979) (wrongfully discharged employee sued for mental distress, damage to reputation and embarrassment); *MacDonald v. Ford Motor Co.*, 117 Mich.App. 538, 324 N.W.2d 489 (1982) (plaintiff sought recovery for mental anguish and certain economic losses as a result of breach of oral contract not to report an accident); *Marshall v. Chrysler Corp.*, 378 F.Supp. 94 (E.D.Mich.1974) (employees sued under the Veterans' Reemployment Rights Act for lost wages and fringe benefits when employer refused to transfer employee after disabilities prevented continued job performance).

his own representations and promises. In fact, nowhere in *Toussaint* does the Court use the word "implied" to describe the obligation imposed on the employer. The Court held that "employer statements of policy ... can give rise to contractual rights in employees...." *Toussaint*, 408 Mich. at 614, 292 N.W.2d 880. The provision providing that employees shall not be discharged except for cause "may become part of the contract either by express agreement, oral or written, or as a result of an employee's ligitimate expectations grounded in an employer's policy statement." *Id.* at 598, 292 N.W.2d 880. It is clear that the obligation imposed upon the employer is through his own representations, promises and agreements and is not implied or created by law.

Like the express promise in *Huhtula,* the basis of a *Toussaint* breach of contract claim is an express agreement. Therefore, whether the action is to recover for injury to persons or property, the six year statute will apply.

The *Valentine* decision held that an aggrieved employee cannot obtain mental anguish damages or exemplary damages in a breach of a "Toussaint" contract claim. The rules regarding the recovery for mental anguish and exemplary damages for breaches of contract applies to a "Toussaint" claim as it is a contract and not a tort claim. Although not expressly stated by the *Valentine* court, it appears that the recoverable damages are limited to those derived from the contract.

In limiting the recoverable damages, the *Valentine* court reasoned "that an employment contract is not entered into primarily to secure the protection of personal interests...." *Valentine*, 420 Mich. at 263, 362 N.W.2d 628. The purpose is economic. With that rationale, it is unlikely that the Michigan courts would hold a breach of a Toussaint contract would be to recover damages for injury to person or property. The mere fact that the contract damages will be received by an individual would not make applicable the three year limitations statute. However, as previously men-

tioned, the Court need not make this determination for purposes of this decision.

Having found that the "Toussaint" employment contract is based upon an agreement between the parties and not one implied by law, the Court holds that the six year breach of contract statute of limitations applies to a breach of a "Toussaint" employment contract action and recoverable damages are limited to those flowing from the contract, i.e., lost wages, fringe benefits, and any provable loss of earning capacity. Plaintiff in this case shall be allowed to amend his complaint to allege only those damages in accordance with the above holding.

### DISMISSAL PURSUANT TO FED.R.CIV.P. 41(b)

■ Defendant also moves to dismiss this action for failure of the plaintiff to prosecute and failure to respond to a motion within 10 days. Fed.R.Civ.P. 41(b); W.D.Mich.R. 29(b). This motion is denied. Dismissal due to procedural failures at this time would be unjust. Plaintiff obtained new counsel only a few weeks prior to the motion for dismissal hearing. Plaintiff was present at the hearing and presented argument. Further, the Court finds defendant not prejudiced by any delay caused by plaintiff.