**Sally Ann MORRIS, Plaintiff,**

v.

**GREAT LAKES STEEL COMPANY, a Michigan Corporation, Defendant.**

**Civ. A. No. 88–CV–74060–DT.**

United States District Court,
E.D. Michigan, S.D.

Dec. 21, 1988.

George A. Jones, Detroit, Mich., Eugene A. Goreta, Ecorse, Mich., for plaintiff.

Timothy W. Hefferon, Detroit, Mich., for defendant.

## OPINION

DUGGAN, District Judge.

This matter is before the Court on defendant's Motion to Dismiss plaintiff's complaint based on defendant's assertion that plaintiff's claims are barred by the expiration of the statute of limitations.

Plaintiff filed her complaint on September 8, 1988, alleging that she was wrongfully terminated from her employment with defendant in October, 1982. Plaintiff's complaint alleges that defendant had a policy and practice of terminating an employee only for good cause, that plaintiff reasonably relied upon such policy, and that her termination was contrary to the terms and conditions of employment. In essence, this portion of plaintiff's complaint alleges a breach of contract; i.e., that defendant breached its agreement not to discharge plaintiff except for good cause.

Plaintiff *also* alleges that she was terminated in violation of the defendant's policy "against Sex and Age Discrimination ..." (complaint, para. 8).

Defendant brings this motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) contending that the three-year statute of limi-

tations for "actions based on discriminatory employment practices" (M.C.L.A. § 600.5805(8) has expired. Defendant argues that plaintiff cannot convert a discrimination claim into a breach of contract claim (and thereby take advantage of a six-year statute of limitations) by simply "phrasing her complaint in contract terms."

Plaintiff's response argues against a dismissal on the basis that plaintiff has asserted a claim for breach of the employer's policies and practices. Plaintiff acknowledges that she "... cannot seek tort damages for discrimination claims ..." but contends, at least impliedly, that her complaint does not sound in tort but rather is a claim for breach of contract.

This Court agrees with plaintiff's contentions. Giving plaintiff's complaint the fair reading to which it is entitled, the Court finds that it clearly sets forth a cause of action under *Toussaint v. Blue Cross and Blue Shield of Michigan,* 408 Mich. 579, 610, 292 N.W.2d 880 (1980). Plaintiff has alleged that her employment relationship precluded discharge except for good cause and that the required good cause was not present. Actions under *Toussaint* are based on the contract between the parties, and are not tort actions. *Richmond v. Wyeth Lab. Div. of Amer. Home Products,* 641 F.Supp. 483, 485 (W.D.Mich.1986), *citing Valentine v. General Amer. Credit, Inc.,* 420 Mich. 256, 259, 362 N.W.2d 628 (1984). Therefore, the six-year statute of limitations for actions based on contract applies. *Richmond* at 486.

■ Defendant further contends that, assuming that plaintiff's complaint can be construed to assert a breach of an agreement that defendant would not discharge an employee, including plaintiff, on the basis of sex or age, such "agreement" is unenforceable for lack of consideration. Defendant asserts the basic principle of contract law that agreeing to refrain from doing that which is unlawful, e.g. discriminating based on age or sex, will not provide sufficient consideration to create an enforceable contract. While defendant correctly states the law,[1] such principle of law is not necessarily applicable to the allegations set forth in plaintiff's complaint. Again, giving plaintiff's complaint the broad or liberal reading to which it is entitled, the Court finds that plaintiff's complaint asserts a typical *Toussaint* cause of action. While the complaint does indicate that defendant had a written policy against sex and age discrimination, the complaint does not set forth that it is, necessarily, a violation of this portion of the policy that gives rise to plaintiff's breach of contract claim. If plaintiff's proofs can establish that there did, in fact, exist a "good cause" employment relationship, and if the reason for plaintiff's discharge was her age or sex, then clearly defendant would not have demonstrated the requisite good cause for her discharge.

If plaintiff can establish that a good cause employment relationship existed, then defendant will of course have the opportunity to prove that there was in fact, good cause for her discharge, e.g. a legitimate work force reduction. Whether or not defendant can establish that it had justification for the discharge is not to be considered by the Court in ruling on a motion to dismiss under Rule 12(b)(6).

The standard for reviewing a motion to dismiss brought under Rule 12(b)(6) was set forth by the Sixth Circuit in *Dunn v. State of Tennessee,* 697 F.2d 121, 125 (6th Cir.1982):

> ... A motion to dismiss under Rule 12(b)(6) should not be granted 'unless *it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'* [emphasis in original] (quoting from *Westlake v. Lucas,* 537 F.2d 857, 858–859 (6th Cir.1976)).

*Dunn* at 125.

This Court cannot, based on the allegations set forth in the complaint, conclude that plaintiff cannot prove any set of facts

---

**1.** For a discussion of the "pre-existing duty" rule, *see Freiburger v. Dept. of Mental Health,* 161 Mich.App. 316, 318, 409 N.W.2d 821 (1987).

in support of her claim which would entitle her to relief.

For the reasons indicated above, defendant's Motion to Dismiss must be DENIED.

An Order consistent with this Opinion will issue forthwith.