**David M. KOVATS, Plaintiff–Appellant,**

v.

**HI–LEX CORP., Defendant–Appellee.**

**Nippon Cable Systems, Ltd., Defendant.**

**No. 02–1318.**

United States Court of Appeals,
Sixth Circuit.

Dec. 11, 2002.

Before GUY and BOGGS, Circuit Judges; and EDMUNDS, District Judge.*

* The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

## ORDER

David M. Kovats, a Michigan resident proceeding pro se, appeals the summary judgment for the defendant, Hi–Lex Corporation ("Hi–Lex"), in this action brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1985(a)(3), Michigan's Elliott–Larsen Civil Rights Act (Mich. Comp. Laws §§ 37.2101–.2804), Michigan's Bullard–Plawecki Right To Know Act (Mich. Comp. Laws §§ 423.501–.512), as well as state law (several tort and contract claims). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

This is a civil action brought by Kovats against his former employer, Hi–Lex. Kovats's employment was terminated in 1990. This dispute concerns the circumstances under which Kovats's employment was terminated. Kovats initiated the present action by filing a complaint on June 15, 2000. The original, second amended and third amended complaints purported to allege claims arising under the Fourteenth Amendment to the Constitution, an employment discrimination claim under 42 U.S.C. § 1981, civil rights claims arising under 42 U.S.C. § 1983, a conspiracy claim in violation of 42 U.S.C. § 1985, an alleged violation of the Bullard–Plawecki Employee Right to Know Act, a claim for invasion of privacy under Michigan law, claims under the Elliott–Larsen Civil Rights Act for employment discrimination, state tort law claims alleging infliction of emotional distress, tortious interference with economic advantage, negligent supervision, breach of contract, fraud, and tortious interference with a contractual relationship.

Hi–Lex filed a motion for summary judgment. Magistrate Judge Joseph G. Scoville conducted a hearing on the motion for summary judgment, and determined that the doctrine of res judicata and the applicable statutes of limitations barred all of Kovats's state law claims. Magistrate Judge Scoville recommended that Hi–Lex be awarded summary judgment on Kovats's federal civil rights claims as well. To the extent that Kovats asserted state law claims challenging the outcome of the previous state-court litigation, the magistrate judge concluded that Kovats's collateral attack was beyond the scope of the district court's jurisdiction. The district court adopted Magistrate Judge Scoville's report and recommendation over Kovats's objections. Reconsideration was denied. This appeal followed.

This court reviews a grant of summary judgment de novo. *See Brooks v. Am. Broad. Cos.*, 932 F.2d 495, 500 (6th Cir. 1991). Under Fed.R.Civ.P. 56(c), summary judgment is proper if all the evidence before the district court " 'show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law.' " *Canderm Pharmacal, Ltd. v. Elder Pharm., Inc.*, 862 F.2d 597, 601 (6th Cir. 1988) (quoting Fed.R.Civ.P. 56(c)).

Upon review, we conclude that summary judgment for Hi–Lex was proper because Kovats's state law claims are barred by res judicata. *See Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997); *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir.1996). Kovats's prior action against Hi–Lex, litigated in the Kent County and Calhoun County Circuit Courts, meets all three requirements of res judicata under Michigan law. *See Smith, Hinchman & Grylls, Assocs., Inc. v. Tassic*, 990 F.2d 256, 257–58 (6th Cir. 1993). First, the grant of summary judgment in favor of Hi–Lex in the Calhoun County Circuit Court constitutes a decision on the merits. *See Corrigan v. Aetna Life & Cas.*, 140 Mich.App. 467, 364 N.W.2d 728, 733 (1985). Second, both actions in-

volved the same issues regarding the lawfulness of Hi–Lex's termination of Kovats's employment and other acts taking place during Kovats's tenure as an employee. Finally, Kovats's prior action involved identical parties. Thus, summary judgment was proper on the basis of res judicata as to Kovats's state law claims.

The district court also was correct in deciding that Kovats's state-law claims arising from the conditions of his employment or the termination thereof were barred by the applicable statutes of limitations. *See Garden City Osteopathic Hosp. v. HBE Corp.,* 55 F.3d 1126, 1130 (6th Cir.1995). The statute of limitations has long expired on all of Kovats's state-law claims arising from the conditions of his employment or the termination thereof. *See Timko v. Oakwood Custom Coating, Inc.,* 244 Mich.App. 234, 625 N.W.2d 101, 104 (2001) (Elliott–Larsen Civil Rights Act claims are subject to Michigan's three-year statute of limitations set forth in Mich. Comp. Laws § 600.5805(9)); *Nelson v. Ho,* 222 Mich.App. 74, 564 N.W.2d 482, 487 (1997) (claims for personal injury, including claims under the Bullard–Plawecki Act and state tort-law claims for infliction of emotional distress, are governed by a three-year limitations period); *Johnson v. Ventra Group, Inc.,* 191 F.3d 732, 746 (6th Cir.1999) (a three-year statute applies to claims for tortious interference with contract or business relations); *Richmond v. Wyeth Labs. Division of Am. Home Prod. Corp.,* 641 F.Supp. 483 (W.D.Mich.1986) (claims for breach of contract, including wrongful discharge in violation of an express or implied agreement, are governed by the six-year limitations period set forth in Mich. Comp. Laws § 600.5807(8)); *Kuebler v. Equitable Life Assurance Soc'y,* 219 Mich.App. 1, 555 N.W.2d 496, 498–99 (1996) (Michigan courts apply varying limitations periods to claims for fraud, but in no case more than a six-year limitations

period). Kovats's federal complaint, filed nearly ten years after his termination from employment, comes too late under any of the various statutes applicable to his many claims.

Kovats concurred in the recommended disposition of his claims under § 1981 and § 1983. Therefore, these claims have been waived. *See Thomas v. Arn,* 474 U.S. 140, 147, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Smith v. Detroit Fed. of Teachers, Local 231,* 829 F.2d 1370, 1374 (6th Cir.1987). With respect to his conspiracy claim under § 1985(3), Kovats does not challenge in his brief on appeal the district court's dismissal of this claim. Since arguments that are not specifically raised on appeal are considered abandoned and not reviewable, *see Robinson v. Jones,* 142 F.3d 905, 906 (6th Cir.1998), Kovats has waived consideration of this claim as well. In any event, summary judgment on Kovats's § 1985(3) claim was proper for the reasons stated by the magistrate judge, as adopted by the district court.

To the extent Kovats asserts state law claims challenging the outcome of the previous state court litigation, the magistrate judge properly concluded that Kovats's collateral attack is beyond the scope of federal court jurisdiction. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 483 n. 16, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Patmon v. Michigan Supreme Court,* 224 F.3d 504, 510 (6th Cir.2000). Kovats's remedy for any error in the state court proceedings is in the state appellate courts.

Finally, the district court was within its considerable discretion when it denied Kovats's motion to join additional parties, and motion for default.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.